## MATTER OF RODRIGUEZ-ESTEBAN

In Deportation Proceedings

A-18234358

*Decided by Board July 13, 1989*

The immigration judge and this Board lack jurisdiction in deportation proceedings to reconsider the order of the district director made in rescission proceedings. *Matter of Saunders*, 16 I&N Dec. 326 (BIA 1977), modified.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of narcotics violation

ON BEHALF OF RESPONDENT:
Stephen E. Mander, Esquire
2121 Ponce De Leon Boulevard
Suite 711
Coral Gables, Florida 33134

ON BEHALF OF SERVICE:
Scott Dunn
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 8, 1986, the immigration judge terminated deportation proceedings in the respondent's case. The Immigration and Naturalization Service has appealed from that decision. Because there is an issue concerning the propriety of the filing of the appeal, we will accept jurisdiction by certification pursuant to 8 C.F.R. § 3.1(c) (1988). The appeal will be dismissed.

The respondent is a 33-year-old native and citizen of Colombia. He first entered the United States as a nonimmigrant visitor in 1968 and has remained here since that time. On April 12, 1978, his status was adjusted to that of lawful permanent resident pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1982). On June 26, 1978, the respondent was convicted in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, Florida, for the possession and sale or delivery of a controlled substance, to wit: cocaine, in violation of Florida Statutes section

893.13, as well as for conspiracy to sell or deliver the same. On July 23, 1980, a Notice of Intent to Rescind the respondent's lawful permanent resident status was issued and, in a decision dated July 1, 1983, the district director rescinded the respondent's status. This decision was personally served on the respondent on April 25, 1985. On that date, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was also issued in the respondent's case, alleging that he was deportable as a nonimmigrant who remained longer than permitted in violation of section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982), as a result of the rescission of his permanent resident status, and alleging that he was deportable under section 241(a)(11) of the Act as a result of his criminal conviction.

At the respondent's deportation hearing, the Service submitted the June 26, 1978, record of conviction, the Notice of Intent to Rescind, and the rescission order in the respondent's case, along with the last extension of his nonimmigrant status which reflects that he was authorized to remain in student status until November 25, 1970. In rebuttal the respondent maintained that his attorney, in correspondence dated August 18, 1980, disputed the allegations in the Notice of Intent to Rescind and requested a hearing before an immigration judge in that matter. He also submitted an affidavit from the attorney who assisted the respondent's counsel in the rescission case. In this affidavit, the attorney avers that such response was timely mailed to the Service. On this basis, the respondent maintains that the district director's decision rescinding his permanent resident status was invalid for lack of jurisdiction pursuant to 8 C.F.R. § 246.3 (1980), that he remains in lawful status, and that he is eligible for relief from deportation pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982). At his deportation hearing, the respondent also disclosed that on January 15, 1986, he filed a motion to reopen rescission proceedings with the district director. With this motion, the respondent included documentation indicating that he timely filed an answer denying the allegations contained in the Notice of Intent to Rescind and that he requested a rescission hearing before an immigration judge. In correspondence dated January 30, 1986, the district director responded to the respondent's motion in an ambiguous manner, stating that the Service had no record of the respondent's response to the Notice of Intent to Rescind and that the respondent's motion should be addressed to the immigration judge. In rebuttal, at the deportation hearing the Service offered a certificate of nonrecord stating that a search of its records did not show that the respondent requested a rescission hearing.

In his consideration of the respondent's case, the immigration judge found that rescission of the respondent's permanent resident status

89

was invalid because the Service had not demonstrated that the respondent was personally served with the Notice of Intent to Rescind pursuant to 8 C.F.R. § 246.1 (1980). On appeal, the Service asserts that the respondent conceded he was served with the Notice of Intent to Rescind and that rescission of the respondent's permanent resident status was proper. The respondent maintains on appeal that, pursuant to *Matter of Saunders,* 16 I&N Dec. 326 (BIA 1977), termination of the deportation proceedings is correct. In *Matter of Saunders,* the Board ordered deportation proceedings terminated where the respondent had his permanent resident status rescinded by the district director in a procedure where the notice instituting those rescission proceedings was inadequate under 8 C.F.R. § 246.1 (1974) and did not give the respondent an opportunity to be heard.

Based upon our review of the record, we find that the immigration judge lacked jurisdiction in deportation proceedings to reconsider the district director's rescission order. We note that 8 C.F.R. § 246 (1988) nowhere provides for consideration by the immigration judge of such decisions of the district director and that enumeration of the Board's appellate jurisdiction does not include consideration of the district director's decision in rescission matters. *See* 8 C.F.R. §§ 3.1(b)(8) (according the Board appellate jurisdiction concerning decisions of the immigration judge in rescission proceedings), 246.2 (1988). To the extent that *Matter of Saunders, supra,* implies that the immigration judge or this Board has jurisdiction over the district director's decision in rescission matters, we withdraw from its holding.

The record reflects, however, that the respondent filed a motion to reopen rescission proceedings with the district director. Such motion was properly addressed to the district director, who erroneously referred this matter to the immigration judge. *See* 8 C.F.R. § 103.5 (1986); *see also Matter of Volos,* 12 I&N Dec. 44 (BIA 1967). On this basis we will leave the immigration judge's decision to terminate the deportation proceedings in effect in order to afford the district director a further opportunity to adjudicate the respondent's motion to reopen rescission proceedings. When the issues involving the rescission proceeding are resolved, deportation proceedings can be reinstituted if appropriate.

**ORDER:** The appeal is dismissed.