# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-1047

ZBIGNIEW SZCZESNY,

*Petitioner*,

v.

JOHN ASHCROFT, Attorney General
of the United States,

*Respondent.*

_____

Petition for Review of an Order from
the Board of Immigration Appeals.
No. A73-355-471

_____

ARGUED NOVEMBER 12, 2003—DECIDED FEBRUARY 12, 2004

_____

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Zbigniew Szczesny, a native citizen of Poland, entered the United States in 1989 on a six-month visitor's visa. But then after winning the Diversity Immigrant Lottery in 1995, he applied for and received an adjustment of status from lawful nonimmigrant visitor to permanent resident. According to the government, however, an INS district director issued a notice of intent to rescind the favorable change in status in March 1995 after concluding that Szczesny had submitted multiple petitions for the 1995 lottery in violation of INS regulations. *See* 22 C.F.R. § 42.33(a)(4) (1995). The district director never

received a response to the notice, and accordingly he rescinded Szczesny's permanent resident status without a hearing pursuant to 8 C.F.R. § 246.2 (1995). Szczesny asserts that he was unable to respond because he never received notice of the proposed action. Instead, says Szczesny, the first communication he received from the district director was notification that his permanent resident status had been rescinded. In 1996, with Szczesny's permanent resident status now revoked, the INS initiated deportation proceedings by ordering him to show cause why he should not be deported for overstaying his visa.

Szczesny filed a motion to terminate the deportation proceedings, claiming that he should not be deported because he never received notice of the district director's intent to rescind his status as required by INS regulations, and because the notice that the agency purportedly sent did not comply with 8 C.F.R. § 246.1, the INS regulation governing the content of a notice of intent to rescind. An immigration judge held several hearings on Szczesny's motion. At the hearings the IJ expressed concern over the district director's alleged failure to provide Szczesny with notice, and observed that due process would be violated if Szczesny could not obtain review of the director's decision. However, in a 2001 decision the IJ ultimately denied Szczesny's motion to terminate the deportation proceedings without reaching the merits of Szczesny's claims, opining that, on the basis of *Matter of Rodriguez-Esteban*, 20 I&N Dec. 88, 90 (BIA 1989), he lacked jurisdiction to review the district director's rescission order. The IJ subsequently denied Szczesny leave to file an application for suspension of deportation but granted his request for voluntary departure. Szczesny appealed the IJ's decision to the Board of Immigration Appeals, which summarily affirmed the decision of the IJ, making the IJ's decision the decision of the agency for purposes of appellate review. *Georgis v. Ashcroft*, 328 F.3d 962, 966-67 (7th Cir. 2003).

Szczesny claims that the IJ and the BIA erred in refusing to reach the merits of his motion to terminate the deportation proceedings and argues that the district director's rescission of his adjustment of status without notice violated his right to due process. However, in presenting his due process argument, Szczesny's counsel waited until oral argument in this court to assert that Szczesny may have had a meritorious argument against the rescission. But arguments made for the first time at oral argument are waived, *Awe v. Ashcroft*, 324 F.3d 509, 512-13 (7th Cir. 2003), and so this delay cost Szczesny the ability to demonstrate that the outcome of his case could have been different even if we were to accept as true that he was not provided with adequate notice of the district director's intent to rescind. Accordingly, we are necessarily left to conclude that Szczesny's due process claim is meritless because he never established that he was prejudiced by the lack of notice, *see Roman v. INS*, 233 F.3d 1027, 1033 (7th Cir. 2000) (asylum applicants claiming violation of due process must show that improperly excluded testimony could have affected outcome of case); *Shahandeh-Pey v. INS*, 831 F.2d 1384, 1389 (7th Cir. 1987) (petitioner claiming violation of due process must present evidence showing that violation potentially affected outcome of deportation proceedings), and we see no reason to remand the case on the basis of administrative error if further proceedings pose no possibility of success for Szczesny, *see Keys v. Barnhart*, 347 F.3d 990, 994 (7th Cir. 2003) (doctrine of harmless error is fully applicable to review of administrative decisions); *Ghaly v. INS*, 48 F.3d 1426, 1438 (7th Cir. 1995) (Posner, J., concurring) ("There is no point in remanding an administrative decision . . . if the decision on remand is a foregone conclusion, or for further evidentiary proceedings if the outcome of these proceedings is equally foreordained."). Accordingly, we DENY the petition for review.

   In light of this conclusion, we have no occasion to address the government's argument that the IJ and the BIA had no jurisdiction to review the content of the district director's notice of rescission.

A true Copy:

          Teste:

                              _____
                              *Clerk of the United States Court of
                              Appeals for the Seventh Circuit*