# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-1226

DOMINGO CUETO ESTRADA,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A93-031-549

No. 08-2218

DOMINGO CUETO ESTRADA,

*Plaintiff-Appellant,*

*v.*

JANET A. NAPOLITANO, Secretary
of Homeland Security, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 08 C 50042—**Philip G. Reinhard**, *Judge.*

ARGUED APRIL 3, 2009—DECIDED MAY 3, 2010

Before EASTERBROOK, *Chief Judge*, and EVANS and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*.    Domingo Cueto Estrada,[1] a Mexican citizen, applied for cancellation of removal under 8 U.S.C. § 1229b(a), but an Immigration Judge ("IJ") found him statutorily ineligible for such relief because he is not a lawful permanent resident. The IJ's conclusion rested on the fact that Cueto Estrada was at one time considered a lawful permanent resident under the Special Agricultural Worker program, but the Immigration and Naturalization Service ("INS") rescinded his lawful-permanent-resident status in 1996 because it believed Cueto Estrada obtained that status by fraud. Cueto Estrada vigorously disputes this, and he also claims that the 1996 rescission order is invalid because he was never properly served with notice of the agency's action.

As his case comes to us, Cueto Estrada has traveled two paths seeking a forum for his challenge to the validity of the 1996 rescission order. Cueto Estrada asked the IJ to examine the validity of the order in the removal proceedings; the IJ refused to do so because he thought *Matter of Rodriguez-Esteban*, 20 I. & N. Dec. 88 (BIA 1989), prohibited him from reviewing permanent-resident rescission orders. The Board of Immigration Appeals

---

[1] The petitioner's last name has been referred to as "Cueto," "Estrada," "Cueto-Estrada," and "Cueto Estrada" throughout the record. We use "Cueto Estrada" to refer to the petitioner because that is the name he used on his application for cancellation of removal.

("BIA") adopted and affirmed this decision, and Cueto Estrada filed a petition for review in this court. While his removal proceedings were underway, Cueto Estrada asked the U.S. Citizenship and Immigration Service in 2007 to reopen the 1996 rescission order; the agency declined to do so because it thought Cueto Estrada's request was untimely. Cueto Estrada challenged this decision by filing a complaint in the district court that asserted violations of the Administrative Procedure Act and his due-process rights, but the district court dismissed the complaint for lack of subject-matter jurisdiction. Cueto Estrada filed an appeal.

We ordered the appeal and the petition for review consolidated, and our job now is to sort out which forum, if any, should have exercised jurisdiction over Cueto Estrada's challenge to the INS's rescission of his permanent-resident status. We conclude that Cueto Estrada's challenge to the sufficiency of the notice he received before the agency rescinded his permanent-resident status was reviewable in his removal proceedings. *Rodriguez-Esteban* only prohibits the IJ and the BIA from reviewing a decision to rescind status when an alien has been properly notified according to the requirements of 8 C.F.R. § 246.1. Because Cueto Estrada claims he never received notice of the INS's intent to rescind his permanent-resident status, *Rodriguez-Esteban* does not apply and the agency should have considered whether the 1996 rescission order was invalid because Cueto Estrada did not receive proper notice. By contrast, the complaint filed in the district court is the equivalent of a challenge to an "order of removal" within

the meaning of 8 U.S.C. § 1252(a)(5), and that sub-
section permits judicial review only via a petition for
review in the court of appeals. Accordingly, while we
affirm the district court's decision to dismiss Cueto
Estrada's complaint for lack of subject-matter jurisdic-
tion, we grant Cueto Estrada's petition for review and
remand his case to the BIA so it can determine what effect
Cueto Estrada's arguments against the 1996 rescission
order have on his request for cancellation of removal.

## I.  Background

Domingo Cueto Estrada, a native of Mexico, entered
the United States illegally in 1987. Thanks to the Special
Agriculture Worker ("SAW") program, 8 U.S.C. § 1160,
Cueto Estrada was granted lawful-permanent-resident
status in 1990. But the government soon suspected that
Cueto Estrada received his permanent-resident status by
fraudulent means. Domingo Luna, who helped Cueto
Estrada prepare his SAW application, was convicted of
filing false statements on other SAW applications in
violation of 8 U.S.C. § 1160(b)(7)(A)(ii). The government
believed Cueto Estrada likewise purchased fraudulent
employment documents from Luna to support his
SAW application.

In 1995 immigration authorities initiated proceedings
that led to the rescission of Cueto Estrada's status as
a legal permanent resident. The INS sent Cueto Estrada
notice of its intent to rescind his permanent-resident
status; the notice was sent via certified mail to Cueto
Estrada's last-known address. Had Cueto Estrada re-

sponded to the notice, he would have been entitled to a hearing before an immigration judge to contest the rescission. *See* 8 C.F.R. § 246.3. But the immigration agency never heard from Cueto Estrada, and in 1996 the INS rescinded his peramanent-resident status without a hearing as permitted by 8 C.F.R. § 246.2.

Cueto Estrada claims he never received the 1995 notice and says he first learned that he had lost his permanent-resident status in 2005 when the Department of Homeland Security initiated removal proceedings against him.[2] Although he applied for cancellation of removal under 8 U.S.C. § 1229b(a), his claim hinged on his ability to show that he was a lawful permanent resident; if he is not a lawful permanent resident, Cueto Estrada admits he would be statutorily ineligible for cancellation of removal under § 1229b(b). To make the required showing, Cueto Estrada argued that the 1996 rescission of his permanent-resident status was invalid because he did not receive proper notice of the INS's intent to rescind. Had he been given proper notice, Cueto Estrada

---

[2] Cueto Estrada was convicted of possessing heroin in 1999, a violation of Illinois law. For purposes of this case, the Attorney General alleges that Cueto Estrada could be removed via proceedings under 8 U.S.C. § 1229a because he had committed a state-law controlled-substance offense and because Cueto Estrada arrived in the United States illegally. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II), (a)(6)(A)(i). Cueto Estrada concedes he can be removed on account of his drug conviction under § 1182(a)(2)(A)(i)(II).

claimed he would have shown he did not obtain his permanent-resident status through fraud.

The IJ rejected this argument by relying on *Rodriguez-Esteban*, in which the BIA concluded that immigration courts may not review a decision to rescind permanent-resident status made by the INS.[3] The IJ thought that *Rodriguez-Esteban* prohibited him from either revisiting the merits of the INS's decision to rescind Cueto Estrada's status *or* considering whether the rescission order was invalid because the INS did not comply with its regulatory obligation to provide adequate notice of the agency's intent to institute rescission proceedings. Accordingly, since Cueto Estrada was no longer a lawful permanent resident, he was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). The IJ ordered Cueto Estrada removed. The BIA adopted and affirmed the IJ's decision in 2008, and Cueto Estrada filed a petition for review in this court.

In early 2007, while these removal proceedings were underway, Cueto Estrada asked the U.S. Citizenship and Immigration Service ("USCIS") to reconsider its 1996 decision to rescind his permanent-resident status, arguing that the rescission was improper because he never received notice of the INS's intent to rescind.

---

[3] The INS was disbanded in 2003, and the responsibilities for rescinding aliens' permanent-resident status was assigned to the U.S. Citizen and Immigration Service ("USCIS"), a branch of the Department of Homeland Security. We refer to the INS and the USCIS interchangeably.

The USCIS denied his request in April 2007, treating his motion as untimely since it had been filed 11 years after the 1996 decision was made, well outside the 30-day period for filing reconsideration requests under 8 C.F.R. § 103.5(a)(1)(i). At the time of the USCIS's decision, the IJ had not yet ordered Cueto Estrada removed, and the USCIS observed that any relief Cueto Estrada sought "may be raised with the [IJ] during your removal proceeding." Cueto Estrada filed a petition for review of the USCIS decision with this court in 2007, but we dismissed it for lack of jurisdiction. Accordingly, Cueto Estrada challenged the USCIS order by filing a complaint with the district court. Although he claimed that the USCIS's refusal to revisit its 1996 rescission order violated the Administrative Procedure Act ("APA") and his due-process rights, the district court treated Cueto Estrada's complaint as a challenge to a removal order and dismissed his case for lack of jurisdiction. Cueto Estrada appealed this dismissal, and we consolidated his appeal with his petition for review.

## II. Discussion

We start with Cueto Estrada's petition for review. When the BIA adopts and affirms the IJ's decision, as it did in this case, we review the IJ's decision as supplemented by the BIA. *Khan v. Filip*, 554 F.3d 681, 690 (7th Cir. 2009). Although the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) ordinarily prohibits us from reviewing the immigration agency's decision on a cancellation-of-removal claim, the immigration agency's conclusion that

it could not hear Estrada's challenge to the validity of the rescission order constitutes a "question of law" that § 1252(a)(2)(D) permits us to review.

Our analysis begins with *Matter of Rodriguez-Esteban*, 20 I. & N. Dec. 88 (BIA 1989), the decision the IJ thought precluded any review of Cueto Estrada's attacks on the INS's 1996 rescission order. In *Rodriguez-Esteban* the alien was served with notice of the agency's intent to revoke his permanent-resident status. The alien disputed the allegations in the notice and requested a hearing, but immigration officials never scheduled one and rescinded the alien's status as if he had never responded. When the alien was placed in removal proceedings, the IJ concluded that the rescission of the alien's permanent-resident status had been improper because the alien had not been properly served with the notice to rescind. This analysis was apparently flawed; as the government argued on appeal to the BIA, the alien had conceded that he had been properly served. *Id.* at 89-90. On appeal the BIA held that the IJ lacked jurisdiction to reconsider the INS's rescission order, but it nonetheless ordered the removal proceedings terminated because the alien had filed a motion to reopen the rescission decision with the INS. *Id.* at 90.

The BIA's decision in *Rodriguez-Esteban* relied on 8 C.F.R. § 246.2, which authorizes the INS to rescind an alien's status if within 30 days after receiving a notice of intent to rescind, an alien does not respond to the allegations in the notice, admits the allegations, or fails to request a hearing. In such circumstances "no appeal shall lie

from" a district director's or asylum-office director's decision to rescind status under § 246.2. But the alien's permanent-resident status may be summarily rescinded under § 246.2 *only* if the agency has complied with the requirements of 8 C.F.R. § 246.1, and § 246.1 requires that a rescission proceeding "shall be commenced by the personal service . . . of a notice of intent to rescind, which shall inform him or her of the allegations upon which it is intended to rescind the adjustment of his or her status." Accordingly, if an alien has not been served with notice that the immigration agency intends to rescind his permanent-resident status, then the agency has not properly commenced rescission proceedings and any rescission order is invalid.

The IJ and the BIA both thought *Rodriguez-Esteban* prohibited review of *any* aspect of a decision to rescind an alien's permanent-resident status, but this reading is overly broad.[4] In *Rodriguez-Esteban* the parties agreed that the alien had been properly served within the meaning of § 246.1; since the alien had not filed a response or requested a hearing, § 246.2 prohibited any appeal of the agency's decision to rescind his status. 20 I. & N. Dec. at 90. By contrast, in this case, Cueto Estrada claims that the requirements of § 246.1 have not

---

[4] The BIA's decision in *Rodriguez-Esteban* was stated in jurisdictional terms. But the agency cannot by decision or regulation reduce the scope of its own jurisdiction. *See Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen*, 130 S. Ct. 584 (2009). The IJ's jurisdiction to conduct removal proceedings is derived from 8 U.S.C. § 1229a.

been satisfied because he was never properly served. Accordingly, the "no appeal" provision of § 246.2 is not triggered, and the IJ should have heard Cueto Estrada's claim that he was not properly served with notice of the INS's intent to rescind his permanent-resident status. If he was not, then the INS improperly initiated rescission proceedings and the rescission order is invalid. Because the IJ and the BIA did not reach this question, remand to the agency is warranted.[5]

Title 8, section 246.1 of the *Code of Federal Regulations* requires "personal service" of a notice of intent to

---

[5] Our decision in *Szczesny v. Ashcroft*, 358 F.3d 464 (7th Cir. 2004), is not to the contrary. As in this case, the alien in *Szczesny* argued that he did not receive adequate notice of the INS's intent to rescind his permanent-resident status and therefore the rescission was invalid. While noting potential due-process concerns, the IJ concluded that *Rodriguez-Esteban* prohibited him from reviewing the rescission order and ordered the alien deported. We denied the alien's petition for review—but because the alien waited until oral argument to suggest he had a meritorious argument against rescission. *Id.* at 465-66.

This case is different because Cueto Estrada has consistently argued that he has a meritorious defense to the allegations that his SAW application was fraudulent *and* that would have raised it had he received proper notice. Cueto Estrada claims that the only reason immigration authorities rescinded his permanent-resident status was because his application was prepared by someone who was later convicted of making false statements on other immigration forms; he points out that the government has never shown that Cueto Estrada's application contained any false statements or that supporting documents were obtained through fraudulent means.

rescind permanent-resident status, and the applicable regulations define "personal service" to include "[m]ailing a copy by certified or registered mail, return receipt requested, addressed to a person at his last known address." 8 C.F.R. § 103.5a(a)(2)(iv). The parties dispute the sufficiency of the notice the INS sent in 1995; the immigration agency should determine in the first instance whether the evidence establishes compliance with the requirements of 8 C.F.R. § 246.1.

We acknowledge that on remand Cueto Estrada could win his battle against the 1996 rescission order but lose his campaign to stay in this country. Cueto Estrada remains statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) unless he can restore his permanent-resident status. If Cueto Estrada convinces the immigration agency that the rescission order is invalid, that only means he becomes statutorily eligible for cancellation of removal under § 1229b(a); it does *not* entitle him to relief from removal. A decision to cancel removal—regardless of whether the alien is a lawful permanent resident—is a discretionary one, *Bakarian v. Mukasey*, 541 F.3d 775, 785 (7th Cir. 2008), and the BIA might decide against granting Cueto Estrada the relief he seeks. In an effort to persuade us that remand would be futile, the Attorney General has identified several reasons why the agency would not likely cancel removal in this case. But the decision to grant Cueto Estrada relief lies with immigration officials who are charged with balancing the factors identified in *Matter of Marin*, 16 I. & N. Dec. 581, 584-87 (BIA 1978), and we will not assume that they would decline to cancel removal.

That leaves us with the question of what to do with the APA and constitutional claims Cueto Estrada filed in his complaint in the district court. The district court dismissed those claims for lack of subject-matter jurisdiction, a decision we review de novo. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008). We start with 8 U.S.C. § 1252(a)(5), which provides that a petition for review "shall be the sole and exclusive means for judicial review of an order of removal." The challenges Cueto Estrada raised in his petition for review and in his complaint have the same objective: both seek to vacate the 1996 rescission order and permit Cueto Estrada to contest the rescission of his permanent-resident status on the merits. If Cueto Estrada obtains the relief he seeks, the order of removal entered by the IJ and affirmed by the BIA—which rested on the conclusion that Cueto Estrada is no longer a lawful permanent resident—would necessarily be flawed. We have concluded that Cueto Estrada can obtain the relief sought in his complaint in the removal proceedings before the IJ and the BIA, and § 1252(a)(5) provides that the exclusive means for judicial review of removal proceedings shall be by petition for review. Accordingly, the district court properly dismissed Cueto Estrada's complaint for lack of subject-matter jurisdiction.[6]

---

[6] We acknowledge that the Second Circuit has concluded that an alien could challenge a USCIS decision under the APA. *Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008). In *Sharkey* a lawful permanent resident visited a passport agency to renew

(continued...)

For the foregoing reasons, we AFFIRM the order of the district court dismissing Cueto Estrada's complaint for lack of subject-matter jurisdiction. We GRANT Cueto Estrada's petition for review, VACATE the order of the BIA, and REMAND for further proceedings consistent with this opinion.

---

[6] (...continued)
an I-551 stamp on her passport that had served as temporary evidence of her permanent-resident status. Instead of renewing the stamp, the immigration official crossed out the stamp and wrote "cancelled with prejudice," an action the alien inter-preted as a rescission of her permanent-resident status that violated the procedures set forth in 8 C.F.R. pt. 246. She filed an action in district court under the APA, and the Second Circuit concluded that the court had jurisdiction. *Id.* at 91-92.

An important difference between *Sharkey* and this case is that the alien in *Sharkey* had not been placed in removal proceedings, *id.* at 90 n.14, and therefore § 1252(a)(5) was not at issue. Thus, *Sharkey* is distinguishable from this case, and we express no opinion regarding whether the district court could have exer-cised jurisdiction over Cueto Estrada's complaint had he not been placed in removal proceedings. We do note that if an alien filed an action in district court "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien," 8 U.S.C. § 1252(g) generally prohibits district courts from exercising jurisdiction over such challenges. *See Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787-88 (7th Cir. 2002).

---