[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

No. 11-10283
Non-Argument Calendar

_____

_____

D.C. Docket No. 6:10-cv-00861-MSS-KRS

ANESH GUPTA,

Plaintiff - Appellant

versus

U.S. ATTORNEY GENERAL,
SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR OF THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
FIELD OFFICE DIRECTOR ORLANDO FIELD OFFICE,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
(USCIS)

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2011)

Before CARNES, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Anesh Gupta, an alien in removal proceedings acting pro se, challenges the district court's dismissal of his complaint, filed under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et. seq.; the Mandamus Act, 28 U.S.C. § 1361; the Federal Question Statute, 28 U.S.C. § 1331; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. After thorough review, we affirm.

## I.

Gupta, a citizen of India, lawfully entered the United States on a B-2 visa. On June 19, 2002, Gupta submitted an application to the Immigration and Naturalization Service ("INS") for adjustment of status to lawful permanent resident based on his marriage to a U.S. citizen. At the same time, Gupta's wife filed a petition for alien relative, which sought a visa for him. According to the allegations in Gupta's complaint, the U.S. Citizenship and Immigration Service ("USCIS") approved both applications "in and about 2005-2006." Without going through recission proceedings, the USCIS issued a second decision dated July 23, 2009 denying Gupta's application for adjustment of status on the ground that his marriage was a sham.

On August 6, 2009, the INS issued Gupta a notice to appear charging that Gupta was subject to removal because his B-2 visa had expired. On May 28, 2010, Gupta filed a complaint in district court seeking a declaratory judgment that the 2009 denial of his application for adjustment of status was arbitrary, capricious, and unlawful because his application had already been approved. Gupta also sought an order compelling the USCIS to record his status as a lawful permanent resident. The district court dismissed Gupta's complaint for lack of subject matter jurisdiction, and he now appeals.

## II.

"We review the district court's dismissal for lack of subject matter jurisdiction de novo." Arris Grp., Inc. v. British Telecomms. PLC, 639 F.3d 1368, 1373 (11th Cir. 2011). Pro se pleadings are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, we may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009).

The APA provides judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An adjustment of status

3

decision is a final agency action when "there are no deportation proceedings pending in which the decision might be reopened or challenged." Ibarra v. Swacina, 628 F.3d 1269, 1270 (11th Cir. 2010) (quotation marks omitted); see id. (holding that a district court lacks subject matter jurisdiction under the APA to review the denial of an alien's application for adjustment of status where the alien is in removal proceedings).

Under the Mandamus Act, 28 U.S.C. § 1361, a district court has original jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The test for jurisdiction is whether mandamus would be an appropriate means of relief." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation marks omitted). A writ of mandamus is only appropriate when: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." Id. (quotation marks omitted).

The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon federal courts." Stewart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861–62 (11th Cir. 2008). It is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S. Ct. 2137, 2143 (1995) (quotation marks

4

omitted). "[T]he Act permits a party to apply to a federal court for a declaration of an underlying right or relation . . . ." Christ v. Beneficial Corp., 547 F.3d 1292, 1299 (11th Cir. 2008).

The district court did not err in dismissing Gupta's complaint for lack of subject matter jurisdiction. No jurisdiction lies under the APA or the Mandamus Act because Gupta is in removal proceedings. Thus, "[t]he decision on [his] adjustment of status is not yet final," Ibarra, 628 F.3d at 1270, and he still has remedies available to him, see Cash, 327 F.3d at 1258. Moreover, because Gupta is in removal proceedings, the USCIS no longer has jurisdiction to consider his claims for relief, and therefore, the district court could not grant relief even if it had jurisdiction over the complaint. 8 C.F.R. § 1245.2(a)(1); see also Nyaga v. Ashcroft, 323 F.3d 906, 916 (11th Cir. 2003) (holding that where an agency is unable to act on requested relief, the district court should dismiss a mandamus action as moot). Gupta's claim that his due process rights were violated by the USCIS's failure to record the approval of his application "in and about 2005-2006" also does not create jurisdiction in the district court. See Estrada v. Holder, 604 F.3d 402, 407–08 (2d Cir. 2010) (holding that the district court lacked jurisdiction under the APA and the Due Process Clause over an alien's procedural challenge to the recission of his permanent resident status because the issue was

reviewable in his pending removal proceedings).  Finally, the Declaratory

Judgment Act does not provide an independent basis of jurisdiction.  <u>See</u> <u>Stewart</u>

<u>Weitzman,</u> 542 F.3d at 861–62.  For these reasons, we affirm.

     AFFIRMED.