In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4220

RUDER M. CALDERON-RAMIREZ,

*Plaintiff-Appellant*,

*v.*

JAMES W. MCCAMENT, Acting
Director, United States Citizenship
and Immigration Services, and
ELAINE C. DUKE, Acting Secretary of
Homeland Security,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 8089 — **Milton I. Shadur**, *Judge.*

ARGUED OCTOBER 23, 2017 — DECIDED DECEMBER 5, 2017

Before BAUER and HAMILTON, *Circuit Judges,* and DARROW,[*] *District Judge.*

BAUER, *Circuit Judge.* Ruder Calderon-Ramirez, a native and citizen of Guatemala, filed a petition for U Nonimmigrant Status on February 5, 2015. Due to a significant backlog, Ramirez is waiting to be evaluated for the waiting list. On August 15, 2016, he filed a petition for writ of mandamus in the Northern District of Illinois requesting that the district court compel Leon Rodriguez, Director of Homeland Security, and Jeh Johnson, Secretary of Homeland Security, (collectively, "Defendants"), to adjudicate his U-visa petition. Ramirez argues the wait to be placed on the waiting list is unreasonable. The district court granted the Defendants' motion to dismiss. Ramirez now appeals. For the reasons set forth below, we affirm.

## I. BACKGROUND

In October 2000, Congress created the U-visa through the passage of the Victims of Trafficking and Violence Protection Act of 2000 ("the Act"), Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), codified at *inter alia*, 8 U.S.C. § 1101(a)(15)(U). The Act created a new nonimmigrant visa classification that permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and receive a non-immigrant visa called a U-visa. *Id.* The U-visa provides legal status to petitioners and qualifying family members to apply for work authorization and remain in the United States. *Id.* In

---

[*] Of the United States District Court for the Central District of Illinois, sitting by designation.

order to qualify, the Department of Homeland Security must determine that: (1) the petitioner "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity "; (2) the petitioner "possesses information concerning [the] criminal activity"; (3) the petitioner has been, is, or is likely to be helpful to government officials regarding the criminal activity; and, (4) the criminal activity at issue occurred in or violated the laws of the United States. 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV).

Congress enacted a statutory cap of 10,000 U-visas each fiscal year. 8 U.S.C. § 1184(p)(2)(A). Because of this cap, a waiting list exists for petitioners seeking adjudication. 8 C.F.R. § 214.14(d)(2). This results in two separate waiting periods and two adjudications for each petitioner—one for placement on the waiting list and one to receive a U-visa. United States Citizenship and Immigration Services ("USCIS") will grant eligible petitioners and qualifying family members on the waiting list deferred action and work authorization while they wait for final adjudication. *Id.* However, those who are waiting to be placed on the waiting list are not granted this benefit.

Ramirez, a native and citizen of Guatemala, entered the United States in April 2002 and has remained here since. On August 16, 2014, he was stabbed in his back and leg during a felonious assault.

On February 5, 2015, USCIS received Ramirez's Form I-918, Petition for U Nonimmigrant Status, Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, and to waive his entry without inspection into the country. Since then,

Ramirez has been waiting for his petition to be evaluated so he can be placed on the waiting list.

On August 15, 2016, two years after the attack and a year and a half after filing his petition, Ramirez requested the district court to issue an order compelling the Defendants to adjudicate his U-visa petition through mandamus relief or, in the alternative, under the Administrative Procedures Act ("APA"). In response, the Defendants filed a motion to dismiss for failure to state a claim. After a hearing, the district court granted the Defendants' motion to dismiss both claims. Ramirez now appeals.

## II. DISCUSSION

We review a district court's grant of a motion to dismiss for failure to state a claim *de novo*. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 382 (7th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff[-appellant]." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

### A. Mandamus Relief

District courts have the authority to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the

defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002).

To determine what right is owed to the plaintiff, we look to the statute enacted by Congress. *Id.* Looking at the Act, there is no dispute that Ramirez has a right to adjudication for both the waiting list and a U-visa. Rather, Ramirez argues that the delay he has endured to be placed on the U-visa waiting list is unreasonable, and thus, he has a right to immediate adjudication.

In *Iddir*, we found that the former Immigration and Naturalization Services had a "duty to adjudicate the appellants' applications in a reasonable period of time." *Id.* at 500. While *Iddir* dealt with the Diversity Visa Lottery Program rather than the U-visa we face, we find this same standard applicable here. Furthermore, 8 C.F.R. 214.14(d)(2) states, "[p]riority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority." Thus, due to the significant backlog of U-visa applications, we must determine whether Ramirez has a right to skip ahead of other petitioners who filed an application before Ramirez, but who are also waiting for adjudication for the U-visa waiting list.

Ramirez fails to set forth any facts that differentiate himself from other petitioners waiting ahead of him for adjudication. The appellees did concede at oral argument that there are instances when the Immigrations and Customs Enforcement can and will expedite a petition. However, Ramirez fails to present a situation appropriate to warrant such an action. With

nothing in the record to suggest his wait time has been any more unreasonable than other petitioners waiting in the same line, we have no reason to grant mandamus relief.

### B. Administrative Procedure Act Relief

Ramirez also seeks relief under the APA, arguing that USCIS has a nondiscretionary duty to process his application and that he has experienced an unreasonable delay. The APA specifically states that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Additionally, the APA provides, "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

While both parties agree that USCIS has a duty to process Ramirez's application, the Act and corresponding regulation fail to enumerate a timeframe that USCIS is required to process U-visa petitions for the waiting list. Thus, we must determine whether Ramirez's wait has been unreasonable.

USCIS is dealing with an exponentially increasing number of U-Visa applications. Since 2009, the U-Visa backlog has increased from 21,138 to 177,340 pending applications.[**] Prior to August 2016, USCIS had one service center processing applications. In August 2016, USCIS began distributing U-visa petitions to a second service center in response to the increas-

---

[**] U.S. CITIZENSHIP & IMMIGRATION SERVS., *Number of Form I-918, Petition for U Nonimmigrant Status, by Fiscal Year, Quarter, and Case Status 2009-2017*, https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20a nd%20Studies/Immigration%20Forms%20Data/Victims/I918u_visastatist ics_fy2017_qtr3.pdf (last visited Nov. 29, 2017).

ing backlog. USCIS argues that this change will take time to be felt by petitioners. Due to the circumstances USCIS faces and the agency's recent changes to alleviate the backlog, we do not find Ramirez's wait to be unreasonable at this time. Thus, relief under the APA must also be denied.

### III. CONCLUSION

For the foregoing reasons, the district court's grant of the defendants' motion to dismiss is AFFIRMED.