**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2563

| | |
|---|---|
| ADEOYE ORIADE ADEBOWALE and RACHELLE B. SHROPSHIRE-ADEBOWALE, <br>   *Plaintiffs-Appellants*, <br><br> *v.* <br><br> KEVIN K. MCALEENAN, <br> Secretary of Homeland Security, *et al.*, <br>   *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 17-CV-00476 <br><br> John J. Tharp, Jr., <br> *Judge*. |

**O R D E R**

 Adeoye Oriade Adebowale and his wife, Rachelle Shropshire-Adebowale, sued the U.S. Citizenship and Immigration Services ("USCIS") because the agency refused to review Adebowale's application for permanent residency. After the suit was filed, the USCIS changed course: it reviewed Adebowale's application and denied it on the merits

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

because an immigration judge had entered a removal order against him. Adebowale argues that the district court should have deemed the removal order void and adjudicated his suit. But the district court lacked jurisdiction to review the case, so we affirm.

Adebowale entered the United States from the United Kingdom 15 years ago under the Visa Waiver Program. He unsuccessfully applied for asylum with the USCIS. His case was referred to an immigration judge, but he failed to appear at his hearing and was ordered removed in absentia. Adebowale later moved to reopen his proceedings, but the immigration judge denied the motion. We dismissed his appeal for want of jurisdiction. *Adebowale v. Mukasey*, 546 F.3d 893, 897 (7th Cir. 2008).

Adebowale remained in the United States and married Rachelle Shropshire, a U.S. citizen. She filed an I-130 petition, the first step in the family-based green card process. Adebowale in turn applied to adjust his status based on his wife's I-130 petition. But the USCIS determined that Adebowale's removal order stripped it of jurisdiction to review his application. *See* 8 C.F.R. §§ 1245.2(a)(1), 245.2(a)(1). Adebowale suspects that the USCIS maintains a bias against him based on his adjustment-of-status interview at which a USCIS officer raised the fact that Adebowale's ex-girlfriend had made domestic-violence allegations against him.

Assisted by counsel, Adebowale then filed a second application, arguing that the removal order was void because it was entered in "asylum only"—not "removal"—proceedings. But the USCIS once more denied Adebowale's application on jurisdictional grounds. Again, the USCIS officer raised the same allegations at the interview.

Adebowale filed this suit seeking mandamus and declaratory relief against the Secretary of Homeland Security, the Attorney General, the USCIS Director, and the USCIS Chicago District Director. Adebowale asked the district court to order the USCIS to adjudicate his applications, sought a declaration that the in absentia removal order was void, and requested an order of mandamus instructing the USCIS to expunge all domestic-violence allegations from its record.

While the suit was pending, the USCIS reversed course and determined that it *did* have jurisdiction over Adebowale's adjustment-of-status application, which it

denied on the merits. The removal order, explained the USCIS, was "a very significant adverse factor that weighs heavily against approval of [his] adjustment application."[1]

The district court then granted the defendants' motion to dismiss the suit on mootness grounds. The judge determined that he did not have jurisdiction under 8 U.S.C. § 1252(a)(5) to vacate Adebowale's removal order because the "exclusive means for judicial review" of a removal order is through a petition filed with the court of appeals. Next, he found that any challenge to the USCIS's refusal to adjudicate Adebowale's adjustment-of-status application became moot after the USCIS reviewed it because there was no longer a "case" or "controversy" given that the agency had done what Adebowale was asking the court to order it to do. In passing the judge said that if Adebowale wished to contest the USCIS's merits decision, Adebowale must first "exhaust administrative remedies by renewing his adjustment of status petition in removal proceedings." Finally, the judge denied Adebowale's request for a writ of mandamus because he found that Adebowale had no "clear right" to have his immigration file scrubbed of domestic-violence allegations.

On appeal Adebowale first argues that the district court erred when it found some of his claims moot because his case or controversy continues: he is still being harmed by the USCIS's actions. But Adebowale received the relief he sought in his complaint—that the USCIS adjudicate his adjustment-of-status application. When "an event occurs while a case is pending … that makes it impossible for the court to grant any effectual relief," the case should be dismissed as moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (quotation marks omitted). Because the district judge could provide no further relief, he correctly dismissed as moot Adebowale's claims related to his application.

Adebowale also contends that the district judge erred by denying his request for a writ of mandamus to expunge his record of any reference to the domestic-violence allegations. But mandamus is an extraordinary remedy that may be invoked only upon a showing that there is a clear right to the relief sought, that the defendant has a duty to do the act in question, and that no other adequate remedy is available. *Calderon-Ramirez*

---

[1] Puzzlingly, the Secretary asserts that now the "USCIS has effectively conceded that the removal order is void by exercising jurisdiction over Adebowale's adjustment of status application." However, that characterization is inconsistent with the USCIS's own interpretation of the removal order, which it described as "a very significant adverse factor" in denying Adebowale's application.

*v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017); *Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383, 386–87 (7th Cir. 2003). As the district court found, Adebowale has no clear right to the relief he seeks. Moreover, it is evident from the USCIS's decision that the removal order, not the domestic-violence allegations, led the agency to deny his application.

Adebowale next argues that the judge erred when he said that he must "exhaust administrative remedies" if Adebowale wished to contest the USCIS's merits decision. But even if he no longer had any available administrative remedies to exhaust (the USCIS concedes as much in its appellate brief, citing 8 C.F.R. § 245.2(a)(5)), this error was harmless because it did not bear upon the judge's correct determination that it lacked jurisdiction over his complaint. For that matter, we lack jurisdiction to review many agency decisions denying discretionary relief, including denials of adjustment of status, 8 U.S.C. § 1252(a)(2)(B)(i), except where a petitioner raises "constitutional claims or questions of law," *Wroblewska v. Holder*, 656 F.3d 473, 477 (7th Cir. 2011) (quotation marks omitted), which Adebowale does not.

Finally, Adebowale contends that because the removal order was entered at an "asylum only" proceeding, the district court should have vacated his removal order because it is void. But § 1252(a)(5) bars a district court from vacating a removal order because "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal." § 1252(a)(5); *see Estrada v. Holder*, 604 F.3d 402, 407–08 (7th Cir. 2010). Adebowale responds that because he contests "the very existence of an order of removal," he "does not seek 'review of an order of removal' within the meaning of" § 1252(a)(5). *Madu v. Attorney Gen. of U.S.*, 470 F.3d 1362, 1366 (11th Cir. 2006); *Kumarasamy v. Attorney Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006). We consider this argument to be disingenuous: Adebowale said in the district court that the immigration judge "denied his asylum application and entered an order of removal against him," so he cannot now question the existence of that order.

AFFIRMED