Saul Gregorio **MARTINEZ**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 02–71478.

Agency No. A70–217–803.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2003.

Decided July 25, 2003.

Before KLEINFELD, WARDLAW, Circuit Judges, and POGUE, CIT Judge.*

MEMORANDUM **

Saul Martinez, a native and citizen of Guatemala, petitions for review of the decision by the Board of Immigration Appeals denying his application for asylum and rquest for withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a (repealed 1996) and we grant the petition.

As both parties conceded, the BIA undertook an independent analysis of Martinez's testimony and "agreed with," but did not adopt, the IJ's decision that Martinez's description of past persecution was not credible. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000) ("Where

* The Honorable Donald Pogue, U.S. Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."). The adverse credibility determination resulted from Martinez's misrepresentation on his initial asylum application that he had been persecuted based on political belief, rather than sexual orientation. He explained the misrepresentation was due to a fear of facing further persecution if the government learned of his sexual orientation.

The BIA provided no "specific cogent reasons" for rejecting this justification. *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001). Moreover, "misrepresentations [that] are wholly consistent with [petitioner's] testimony and application for asylum" do not support a negative credibility finding. *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir.1999); *see also Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir.2002). Because the BIA stated only that it was "not persuaded by respondent's explanations" and provided no legitimate, let alone cogent, reason for rejecting Martinez's "wholly consistent" misrepresentation, we remand for proceedings consistent with this disposition.

PETITION GRANTED.

KLEINFELD, Circuit Judge, dissenting.

KLEINFELD, Circuit Judge.

I respectfully dissent. The BIA rejected Martinez's credibility because "the claim the respondent presented before the asylum officer was inconsistent with the one he pursued at the hearing." He had fair notice from the IJ's decision of this reason for rejecting his credibility, and tried to explain it away in his appeal to the BIA, but the BIA was "not persuaded by the respondent's explanations for this discrepancy."

Martinez twice lied under oath to the INS. He invented a story about having been a member of a student-led political activist group. As he later admitted, this story was entirely untrue. Such "material misstatements of fact" and "gross inconsistencies" in an application for asylum that "involve[ ] the heart of the asylum claim" may provide substantial evidence for an adverse credibility finding. *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990).

In *Ceballos*, we explicitly distinguished such falsehoods from the incidental falsehoods told in *Turcios v. INS*, 821 F.2d 1396 (9th Cir.1987). The majority relies on *Akinmade v. INS*, 196 F.3d 951 (9th Cir.1999) for the proposition that Martinez's previous lies are "wholly consistent" with his claim of fear of future persecution. *Akinmade*, relying on *Turcios*, addresses a different situation than that in the case at bar. Here, as in *Ceballos*, the asylum applicant did not lie about his country of origin or incidental details of his past, but rather completely invented the entire basis for his claim for asylum. His previous story cannot be "wholly consistent" with his current story, since he has admitted the previous story to be entirely false. Rather, this is the "180 degree" change that we held in *Ceballos–Castillo* to be substantial evidence for an adverse credibility finding.

The IJ articulated a legitimate, cogent reason for his adverse credibility finding, namely the fact the Martinez lied to the INS in his prior application, and the BIA clearly adopted that reason as well, noting as it did that it was unpersuaded by Martinez's attempt to explain that reason away. The deferential standard of review requires that we deny the petition.