**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SAUL MARTINEZ, an Individual,
*Plaintiff - Appellant*,

v.

JANET NAPOLITANO, Secretary of the
Department of Homeland Security;
ERIC H. HOLDER, JR., Attorney
General of the United States,
*Defendants - Appellees*.

No. 10-56023

D.C. No.
2:09-cv-07507-
ODW-JEM

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted
October 17, 2012–San Francisco, California

Filed December 3, 2012

Before: Betty Binns Fletcher,[*] Michael Daly Hawkins,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Murguia

---

[*] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth
Circuit Court of Appeals, fully participated in the case and concurred in
the judgment prior to her death.

## SUMMARY[**]

### Immigration

The panel affirmed the district court's dismissal for lack of subject matter jurisdiction of Saul Martinez's action alleging that the Board of Immigration Appeals' denial of asylum and related relief was arbitrary and capricious in violation of the Administrative Procedure Act (APA).

The panel held that 8 U.S.C. § 1252(a)(5) (specifying that the petition for review process is the exclusive means to challenge an order of removal), prohibits APA claims that indirectly challenge a removal order. The panel wrote that all claims challenging the procedure and substance of agency determinations "inextricably linked" to the order of removal are prohibited by § 1252(a)(5), no matter how the claims are framed.

### COUNSEL

Kari E. Hong, Law Offices of Kari E. Hong, Oakland, California, for Appellant.

Sarah S. Wilson, United States Department of Justice, Washington, D.C., for Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

MURGUIA, Circuit Judge:

Saul Martinez, a citizen of Guatemala, filed an action in the United States District Court for the Central District of California alleging that the Board of Immigration Appeals' ("BIA") decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") was arbitrary and capricious and therefore in violation of the Administrative Procedure Act. The district court dismissed the complaint for lack of jurisdiction. We affirm.

## I.      Background and Procedural History

The following facts are taken from Martinez's complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (in reviewing an order granting a motion to dismiss, we accept "all factual allegations in the complaint as true"). In 1992, Martinez filed a false application for asylum and withholding of removal based on his alleged political opinion. An asylum officer denied this application. In 1996, at a merits hearing before an Immigration Judge ("IJ"), Martinez admitted that the initial application was false, but submitted a new application for asylum and withholding of removal based on his sexual orientation. The IJ found that Martinez lacked credibility due to his initial false application and denied the second application. The BIA affirmed. In 2003, this Court granted Martinez's petition for review because the BIA failed to explain a legitimate and cogent basis for the adverse credibility finding. *Martinez v. INS*, 72 Fed. App'x 564 (9th Cir. 2003). On remand, the BIA again affirmed the IJ, but gave a more detailed explanation of its reasoning. The BIA

also declined to reopen Martinez's case based on new CAT arguments because the Board determined that Martinez had failed to establish that he would be tortured if he was returned to Guatemala. Martinez petitioned this Court for a second time but was unsuccessful and his petition was denied on March 3, 2009. *Martinez v. Holder*, 557 F.3d 1059 (9th Cir. 2009).

Martinez then filed this complaint in October 2009, alleging that the BIA treated Martinez differently than similarly situated individuals that had filed false asylum applications. According to the complaint, this was an arbitrary and capricious agency action in violation of the Administrative Procedure Act. 5 U.S.C. § 701–706. The complaint asserts three claims: (1) an order of mandamus compelling a full and fair hearing to adjudicate his withholding and CAT claims, (2) violation of the APA based on the denial of his withholding and CAT claims based on arbitrary, capricious, and *ultra vires* criteria, and (3) violation of the APA based on the failure to give Martinez a full and fair hearing to adjudicate his asylum claim.

The government moved to dismiss the complaint for a lack of jurisdiction. The district court granted the motion.

## II.    Standard of Review

We review de novo a district court's decision to dismiss a case for lack of subject matter jurisdiction. *Puri v. Gonzales*, 464 F.3d 1038, 1040 (9th Cir. 2006).

## III.    Discussion

The REAL ID Act of 2005 amended the Immigration and Nationality Act ("INA") to clarify the scope of the jurisdiction stripping provisions of the INA. *Singh v. Gonzales*, 499 F.3d 969, 975–78 (9th Cir. 2007) (describing history of jurisdiction to review removal orders and purpose of REAL ID Act). The INA contains a provision entitled "Exclusive means of review," which reads, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added). The language of the statute is clear. The exclusive means to challenge an order of removal is the petition for review process.

The INA also contains a "zipper clause" that consolidates all "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into a petition for review. 8 U.S.C. § 1252(b)(9); *Singh v. Gonzales*, 499 F.3d at 976 (zipper clause extends the sole remedy to "any issue raised in a removal proceeding") (quoting H.R. Rep. No. 109-13, at 173 (2005) (Conf. Rep.)) (internal quotation mark omitted).

This statutory scheme was designed to "limit all aliens to one bite of the apple with regard to challenging an order of removal." *Id.* at 976 (quoting *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005)). Martinez had his bite of the apple, twice receiving a review of his removal order by this Court. *See Martinez v. INS*, 72 Fed. App'x 564 (9th Cir. 2003); *Martinez v. Holder*, 557 F.3d 1059 (9th Cir. 2009).

The statute, by its plain language, applies only to "judicial review of an order of removal" and does not eliminate the ability of a court to review claims that are "independent of challenges to removal orders." *Singh v. Gonzales*, 499 F.3d at 978 (quoting H.R. Rep. No. 109-13, at 175). Despite Martinez's efforts to characterize his complaint as asserting "independent" claims, it is simply another attempt to obtain judicial review of his removal order and the district court lacked jurisdiction.[1]

We join the Second and Seventh Circuits in holding that 8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (8 U.S.C. § 1252(a)(5) bars a district court from hearing an APA claim seeking a writ of mandamus ordering the USCIS to consider the merits of alien's I-212 application); *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010).

---

[1] The fact that Martinez is technically subject to an order of "deportation" and not "removal" is of no consequence. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 merged deportation, removal, and exclusion into the single category of "removal." *United States v. Rodriguez-Ocampo*, 664 F.3d 1275, 1277 n.1 (9th Cir. 2011). To avoid unnecessary confusion, we will only use the term "removal." *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1079 n.2 (9th Cir. 2010).

As the Second Circuit noted, the distinction between an independent claim and indirect challenge "will turn on the substance of the relief that a plaintiff is seeking." *Delgado*, 643 F.3d at 55; *accord Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (determining difference between permissible independent claims and prohibited collateral attacks "requires a case-by-case inquiry")*; see also Singh v. Gonzales*, 499 F.3d at 979 (ineffective assistance of counsel claim was an independent challenge because the "only remedy would be the restarting of the thirty day period for the filing of a petition for review with this court"). When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is "inextricably linked" to the order of removal, it is prohibited by section 1252(a)(5). *See Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082–83 (9th Cir. 2010) (challenge to an adjustment of status barred by section 1252(a)(5) because the order of removal was contingent on the status determination); *see also Estrada*, 604 F.3d at 408 (district court lacked jurisdiction because if the alien obtained the relief he sought the "order of removal entered by the IJ and affirmed by the BIA . . . would necessarily be flawed").

Here, Martinez challenges the procedure and substance of the BIA's determination that he was ineligible for asylum, withholding of removal, and relief under the CAT. This determination, specifically the BIA's rejection of Martinez's arguments on these claims, was the basis of its removal order. If Martinez had prevailed on any one of them, the BIA would not have affirmed the removal order. *See Morales-Izquierdo*, 600 F.3d at 1082 (a final order of removal includes the determination that an alien is removable and the decision to order removal).

Unlike the petitioner in *Singh v. Gonzales*, who was allegedly denied the ability to petition this Court in the first instance because of ineffective assistance of counsel, 499 F.3d at 979, Martinez had his day in court and an opportunity to argue "all questions of law and fact" arising from his removal proceedings. *Morales-Izquierdo*, 600 F.3d at 1082 (quoting 8 U.S.C. § 1252(b)(9)); *see also Singh v. Holder*, 638 F.3d at 1211 (district court lacks jurisdiction to review same claims that were raised in a petition for review).

The conclusion that Martinez's APA claims are nothing more than indirect attacks on his order of removal is underscored by the fact that the arguments supporting his claims are of the type that are often presented to this Court on direct appeals of such orders. *See, e.g.*, *Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (on petition for review, explaining the separate analysis for CAT relief eligibility); *Haile v. Holder*, 658 F.3d 1122, 1126 n.3 (9th Cir. 2011) (on petition for review, noting which provisions of REAL ID do and do not apply retroactively); *Zhu v. Mukasey*, 537 F.3d 1034, 1029 n.1 (9th Cir. 2008) (on petition for review, noting that a basis for an adverse credibility finding must go to the heart of the claim). In fact, every case cited by Martinez to demonstrate that the BIA erred in evaluating his claim is an opinion resolving a petition for review.

## IV.    Conclusion

After previously failing to convince this Court that the BIA erred, Martinez has repackaged his rejected arguments (and added a few others) as reasons why the BIA decided his case in an arbitrary and capricious manner in violation of the APA. However, none of these arguments survive as independent claims not inextricably linked to his order of

removal. Nor does this action avoid the clear language of 8 U.S.C. § 1252(a)(5), which eliminates jurisdiction over such claims. Because the substance of the relief that Martinez is seeking (asylum, withholding of removal, and CAT) would negate his order of removal, the district court properly determined that it lacked jurisdiction.

**AFFIRMED**.