**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4183
_____

GABIN M'BOGNING TONFACK,
                              Appellant

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-01886)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2014

Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: September 8, 2014)
_____

OPINION
_____

PER CURIAM

      Pro se appellant Gabin Tonfack appeals the District Court's order dismissing for

lack of jurisdiction his petition under 28 U.S.C. § 2241.  For the reasons detailed below,

1

we will affirm the District Court's judgment.

Tonfack is a citizen of the Ivory Coast. He was admitted to the United States in 2006 as a nonimmigrant student. However, in February 2010, he was convicted of acquiring and retaining access-card-account information with fraudulent intent, and in July 2012, he was convicted of access-device fraud. After this second conviction, the school he was attending, San Francisco State University, terminated his student status. The Department of Homeland Security then charged Tonfack with being removable as an alien who (1) had been convicted of a crime of moral turpitude within five years of being admitted, see 8 U.S.C. § 1227(a)(2)(A)(i); (2) had been convicted of two crimes of moral turpitude not arising out of a single criminal scheme, see § 1227(a)(2)(A)(ii); and (3) had failed to comply with the conditions of his admission, see § 1227(a)(1)(C)(i).

The parties have not filed the opinion of the Immigration Judge (IJ) in either the District Court or this Court; instead, they have provided only the one-page order that the IJ issued on April 16, 2013. That document orders Tonfack to be removed from the United States, denies Tonfack's application for asylum, and grants his application for withholding of removal as to the Ivory Coast. The order contains form language for the IJ to designate a country of removal — "The respondent was ordered removed from the United States to     or in the alternative to     ." — but the IJ did not fill in those blanks. The parties apparently each waived their right to appeal the IJ's decision, and represent that no appeal has been taken. The time to take any appeal to the Board of Immigration Appeals (BIA) or this Court has long since expired. See 8 C.F.R.

§ 1003.38(b) (30 days to appeal to BIA); 8 U.S.C. § 1252(b)(1) (30 days to file petition for review to this Court).

Since the IJ's order, Tonfack has remained in the custody of Immigration and Customs Enforcement (ICE). ICE obtained a travel document to remove Tonfack to Cameroon, where, ICE says, he was born. See generally 8 C.F.R. § 1208.16(f) ("Nothing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred."). When ICE attempted to place Tonfack on a plane bound for Cameroon, however, he forcibly resisted, and prevented the removal from occurring. He then filed the petition under § 2241 that is at issue here. He claims that he has no connection to Cameroon, and the travel documents, which state he was born there and lived there before entering the United States, are inaccurate. He asked the District Court to enter an order preventing ICE from removing him to Cameroon.

The District Court dismissed Tonfack's § 2241 petition for lack of jurisdiction. The Court concluded that Tonfack was seeking to challenge the IJ's removal order, and that under the Immigration and Nationality Act (INA), an alien may challenge an order of removal only by filing a petition for review to the court of appeals. See 8 U.S.C. § 1252(a)(5). Tonfack then filed a timely notice of appeal to this Court.

At around this time, Tonfack also asked the IJ to reopen his proceedings so that he could apply for relief under the Convention Against Torture (CAT) with regard to Cameroon, and on June 18, 2013, the IJ granted this request. The IJ also requested that

3

the Department of State investigate whether the travel documents were legitimate. On November 22, 2013, the State Department responded that it discussed the matter with Dr. Charles Greene, Honorary Consul of the Republic of Cameroon, who reported that Tonfack is a citizen of Cameroon and that the travel documents are valid. A hearing on Tonfack's reopened action was scheduled for June 5, 2014, but, for reasons that are not clear, Tonfack voluntarily terminated that action.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006).

We discern no error in the District Court's disposition of this case. "[A] petition for review is 'the sole and exclusive means for judicial review of an order of removal.'" Id. at 172 (quoting 8 U.S.C. § 1252(a)(5)); see also § 1252(b)(9). In determining whether a § 2241 petition challenges a removal order, we are not bound by the petitioner's labels. See generally Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). Thus, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012).

---

[1] The government argues that Tonfack's case is moot "[t]o the extent that Tonfack's argument is construed as challenging the government's failure to review his claim regarding the validity of the travel documents and removal to Cameroon." We construe Tonfack to press the broader argument that he is entitled to an order preventing his removal to Cameroon, and we therefore conclude that the case is not moot. Further, because the agency's order of removal is final and Tonfack faces an immediate threat of being removed to Cameroon, we are satisfied that the appeal is ripe for our review. See generally Abbott Labs. v. Gardner, 387 U.S. 136, 149-53 (1967); Sharkey v. Quarantillo, 541 F.3d 75, 90 (2d Cir. 2008).

4

Meanwhile, a § 2241 petition is not subject to § 1252(a)(5)'s jurisdictional bar if it is "independent" of the removal order. See Nnadika v. Att'y Gen., 484 F.3d 626, 632 (3d Cir. 2007).

Tonfack claims that his § 2241 petition is independent of his removal order, but we do not agree. Critically, Tonfack argues not just that the specific Cameroonian travel documents are invalid, but that Cameroon is not a proper country of removal. This issue is encompassed in the removal order — the IJ is obligated to designate a country of removal as part of the removal proceedings. See 8 C.F.R. § 1240.12(d); see also In re I-S- & C-S-, 24 I. & N. Dec. 432, 433-34 (BIA 2008) (holding that when an IJ issues a decision granting an alien's application for withholding of removal without a grant of asylum, the decision must include an explicit order of removal designating a country of removal). The fact that the IJ here may have neglected to select a country or countries for removal does not change this analysis, as we construe the "removal order" in this context to encompass "all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing." Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 206 (3d Cir. 2013) (quotation marks omitted).

Our conclusion that Tonfack's § 2241 petition challenges a notice of removal is reinforced by the fact that his arguments are often considered by courts via petitions for review. See Martinez, 704 F.3d at 623 (employing this analysis). For instance, it is not unusual for courts to review whether an agency selected a proper country for removal. See, e.g., Mendis v. Filip, 554 F.3d 335, 336 (2d Cir. 2009) (Sotomayor, J.). Likewise,

5

courts address through petitions for review claims that the IJ improperly neglected to designate a country for removal. See, e.g., Desta v. Ashcroft, 329 F.3d 1179, 1184 (10th Cir. 2003).[2] Thus, to permit Tonfack to challenge this issue, which he could have challenged in a petition for review, would be contrary to the INA's intent to "limit all aliens to one bite of the apple with regard to challenging an order of removal." Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).

Accordingly, we conclude that Tonfack's habeas petition does not have "a basis independent of the merits of the petition for review," Singh v. Holder, 638 F.3d 1196, 1211-12 (9th Cir. 2011), and it was therefore proper for the District Court to dismiss it for lack of jurisdiction. We will thus affirm the District Court's judgment.

---

[2] At least one Court has held that it would violate an alien's due process rights for the agency to remove him to a country that had not been designated under 8 C.F.R. §§ 1240.10(f), 1240.12(d) without first providing him an opportunity to apply for discretionary relief. See She v. Holder, 629 F.3d 958, 965 (9th Cir. 2010). We need not reach this issue here, however, because the IJ reopened Tonfack's action to allow him to challenge the proposed removal to Cameroon.