NOT FOR PUBLICATION

FILED

SEP 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANGUIANO-HERNANDEZ, | No. 13-16803 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-00926-MMD-CWH |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

Before: FISHER, BERZON, and CHRISTEN, Circuit Judges.

Jose Anguiano-Hernadez, a native and citizen of Mexico, appeals from the

district court's order dismissing his petition for a writ of habeas corpus. The

district court concluded that under the REAL ID Act of 2005, 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

§ 1252(a)(5) and (b), it lacked jurisdiction to consider the petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.  The REAL ID Act precludes habeas review of Anguiano-Hernandez's removal order.

The REAL ID Act provides that "no court shall have jurisdiction, by habeas corpus" to review an order of removal. 8 U.S.C. § 1252(b)(9); *see also Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011) ("The REAL ID Act expressly eliminated habeas review over all final orders of removal." (internal quotation marks omitted)). Instead, "the sole and exclusive means for judicial review of an order of removal" is a petition for review. 8 U.S.C. § 1252 (a)(5). The REAL ID Act's jurisdiction-stripping provisions also apply to indirect challenges that are "inextricably linked" to a removal order. *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012). "[T]he distinction between an independent claim and indirect challenge will turn on the substance of the relief that a plaintiff is seeking." *Id.* at 622 (internal quotation marks omitted).

In *Singh*, this court held that the district court did not have jurisdiction to review a habeas petition in which a petitioner claimed he was unremovable and that removal proceedings had violated his substantive due process rights. *Id.* at

---

[1]  The parties are familiar with the facts, so we will not recount them here.

2

1210–12. We agreed with the district court's statement that Singh's argument was a "backdoor attempt to have this Court review the underlying merits of Petitioner's removal, which this Court cannot do under the REAL ID Act." *Id.* at 1210. We reached this conclusion after observing that Singh made the same arguments in his habeas petition that he made in his petition for review, that Singh's habeas challenge rested entirely on his assertion that he presented a meritorious argument in his petition for review, and that Singh explicitly asked the court to evaluate whether he was likely to prevail on his claim that he was not removable. *Id.* at 1211–12.

The same considerations are present here. Anguiano-Hernandez argues that the 1990 removal order was "obtained unlawfully" and was "wholly improper" because his temporary lawful permanent resident status was never rescinded. He frames the central question in his habeas petition as "[w]hether it was a fundamental error . . . for the Department of Homeland Security to issue an Order to Show Cause . . . and thereafter for the Immigration Judge to issue a removal order against him." And he explicitly asks this court to vacate his order of removal as a consequence of invalidating his 1990 deportation order.

We conclude that Anguiano-Hernandez's habeas petition challenges a final order of removal. As such, it is precluded by the REAL ID Act.

## II. The "gross miscarriage of justice" exception is not applicable.

Anguiano-Hernandez also argues that the REAL ID Act permits habeas review of a removal order if the petitioner can show that he has suffered a "gross miscarriage of justice." But the post-REAL ID Act cases Anguiano-Hernandez cites—*Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133 (9th Cir. 2008), *Martinez-Merino v. Mukasey*, 525 F.3d 801 (9th Cir. 2008), and *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007)—do not suggest the district court had jurisdiction to hear Anguiano-Hernandez's habeas petition. Indeed, *Singh* notes that "the REAL ID Act expressly eliminated habeas review over all final orders of removal" without hinting at an exception for gross miscarriages of justice. 499 F.3d at 977.

Because the gross miscarriage of justice exception cannot confer district court jurisdiction over Anguiano-Hernandez's petition, we do not consider whether the 1990 removal order was unconstitutional or otherwise invalid.

**AFFIRMED.**