**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO RAMIREZ-ALBARRACIN; DORA NILDA TORRES,<br><br>       Plaintiffs - Appellants,<br><br> v.<br><br>LORETTA E. LYNCH,<br><br>       Defendant - Appellee. | No. 14-16963<br><br>D.C. No. 3:14-cv-02133-JSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted August 10, 2015
San Francisco, California

Before: KOZINSKI and TALLMAN, Circuit Judges, and PIERSOL,[**] Senior
District Judge.

    Ramirez appeals the district court's dismissal of his petition for habeas corpus

under 28 U.S.C. § 2241 for lack of jurisdiction. Title 8 U.S.C. § 1252(a)(5) permits

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

a district court to review claims "independent of challenges to removal orders." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). Such claims may be brought in district courts through a petition for habeas corpus. *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011). Claims that are a direct challenge to, or inextricably intertwined with, a removal order, however, must be brought in circuit courts through a petition for review. *Id.* at 1210.

Petitioner seeks a court order (1) mandating that the government allow Petitioner to submit a form I-485 adjustment-of-status application, (2) permitting Petitioner to update his pending form I-212 permission to reapply for admission after deportation, and (3) directing the government to finally resolve the I-212 application. In order for the claims for relief to be granted, however, the government's Reinstatement Order must necessarily be expunged. Thus, while the action is cloaked as a habeas claim, granting Petitioner's requested relief would invariably impinge on the Reinstatement Order. As the magistrate judge noted, an alien such as Petitioner is ineligible for an adjustment of status until the Reinstatement Order is vacated. *See Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082 (9th Cir. 2010) ("Until the Reinstatement Order is vacated, [Petitioner] is not eligible for 'any relief,' including adjustment of status." (citing 8 U.S.C. § 1231(a)(5))), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504, 516 (9th Cir. 2012). The

present habeas action is intertwined with the reinstatement of the 1978 order of deportation. The district court, therefore, lacked jurisdiction.

**AFFIRMED.**