

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GASPAR TOMAS GASPAR and
NICOLAS GASPAR TOMAS PABLO,

Plaintiffs-Appellants,

v.

JEFFERSON B. SESSIONS III, Attorney
General, Attorney General of the United
States,

Defendant-Appellee.

No.    16-36026

D.C. No. 2:16-cv-01331-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 8, 2018[**]
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Gaspar Tomas Gaspar ("Gaspar") and Nicolas Gaspar Tomas Pablo ("Pablo") appeal from the district court's dismissal of their complaint for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

1.     In the immigration context, *nunc pro tunc* relief is only available in two circumstances: "(1) when the only ground of deportability or inadmissibility would thereby be eliminated and (2) when the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waivers of inadmissibility." *Corona-Mendez v. Holder*, 593 F.3d 1143, 1148 (9th Cir. 2010). Here, the district court correctly concluded that it lacked jurisdiction to adjudicate the complaint, because jurisdiction was vested in the court of appeals under 8 U.S.C. § 1252(a)(5), (b)(9).

Pablo's eligibility for relief under § 203 of the Nicaraguan and Central American Relief Act ("NACARA") arose out of Gaspar and Pablo's removal proceedings. In an effort to eliminate a ground of deportability for Pablo, the *nunc pro tunc* motion requested that Gaspar's NACARA application be backdated to before Pablo turned 21. Even though Pablo's removal proceedings had been administratively closed when the Board of Immigration Appeals ruled on Gaspar's *nunc pro tunc* motion, the administrative closure did not change the posture of this

2

case. Any decision by the district court would necessarily have to review the decisions by the underlying agencies with regard to whether Pablo met the requirements for relief from removal under § 203 of NACARA. Section "1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). Thus, the claims "are bound up in and an inextricable part of the administrative process" and must be raised through the petition for review process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016).

If removal proceedings are reinitiated against Pablo, he may raise his eligibility under § 203 of NACARA. *See Barrios v. Holder*, 581 F.3d 849, 857 (9th Cir. 2009).

2.	Absent a final order of removal for Pablo, we also lack jurisdiction to review this matter. *See* 8 U.S.C. § 1252(b)(9). Therefore, we decline to transfer the matter under 28 U.S.C. § 1631.[1]

**AFFIRMED.**

---

[1] Even if we were to consider this an appeal of the BIA's August 2014 decision, the appeal is untimely. 8 U.S.C. § 1252(b)(1).