NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALI AKBAR AZIMOV; IZATILLO
GAFFAROV,

          Plaintiffs-Appellants,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; et al.,

          Defendants-Appellees.

No. 22-56034

D.C. No.
3:22-cv-00439-GPC-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted February 6, 2024
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Plaintiffs are noncitizens who received expedited removal orders pursuant to

8 U.S.C. § 1225(b)(1). Plaintiffs subsequently sued Defendants—the government

agencies responsible for implementing the expedited removal system—in district

court. Defendants moved to dismiss Plaintiffs' complaint, arguing that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court lacked jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(A). The district court agreed with Defendants' reading of § 1252(a)(2)(A) and dismissed Plaintiffs' case for lack of jurisdiction. Plaintiffs appealed the district court's order.

"We review de novo a district court's decision to dismiss a case for lack of subject matter jurisdiction." *Martinez v. Napolitano*, 704 F.3d 620, 621 (9th Cir. 2012). We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order for the reasons stated below.

Section 1252(a)(2)(A) is a jurisdiction-stripping and channeling provision, which bars review of almost "every aspect of the expedited removal process." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 (9th Cir. 2022) (describing the operation of § 1252(a)(2)(A)). Section 1252(a)(2)(A)(i) deprives courts of jurisdiction to hear a "cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)," which plainly includes Plaintiffs' collateral attacks on the validity of the expedited removal orders. *See Mendoza-Linares*, 51 F.4th at 1155; *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031–35 (9th Cir. 2016) (concluding that the "arising from" language in neighboring § 1252(b)(9) sweeps broadly). And § 1252(a)(2)(A)(iv) deprives courts of jurisdiction to review "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title," which plainly includes Plaintiffs' claims regarding how Defendants have implemented

2

§ 1225(b)(1)(B)(iii)(III). *See Mendoza-Linares*, 51 F.4th at 1154–55.

Section 1252(a)(2)(A) allows only "limited challenges" as specified in § 1252(e). *Id.* at 1154; *see also Guerrier v. Garland*, 18 F.4th 304, 308–10 (9th Cir. 2021) (as amended) (describing limited challenges); *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021) (same). Plaintiffs do not argue that their case falls within any of these limited exceptions to § 1252(a)(2)(A)'s jurisdiction-stripping language.

The thrust of Plaintiffs' claims and arguments is that § 1252(a)(2)(A) does not strip a federal district court of jurisdiction to consider claims that expedited removal orders suffer from "jurisdictional defects that if properly considered may [have] potentially rendered the [expedited removal] orders in question a legal nullity." Plaintiffs rely on *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and its progeny, including *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 186 (2023). In particular, Plaintiffs note that in *Axon*, the Court held that because the plaintiffs challenged the agency's "power to proceed at all, rather than actions taken in the agency proceedings," *id.* at 192, their case was not jurisdictionally barred, *id.* at 196. The *Thunder Basin* line of cases, however, is inapposite because those cases address only whether Congress has "implicitly" divested district courts of jurisdiction in a statutory scheme. *Axon*, 598 U.S. at 185. In this case, Congress explicitly divested courts of jurisdiction to hear the claims at issue. Accordingly,

3

the district court correctly concluded that it lacked jurisdiction to consider Plaintiffs' claims.

**AFFIRMED**.