UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

WILFREDO GONZALEZ LORA,
　　　　　*Defendant-Appellant.*

No. 99-4559

On Remand from the United States Supreme Court.
(S. Ct. No. 00-6354)

Submitted: October 24, 2001

Decided: December 13, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joseph N. Bowman, Alexandria, Virginia, for Appellant. Thomas More Hollenhorst, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The Court decided *Apprendi* after a jury convicted Wilfredo Gonzalez Lora of conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), the district court sentenced him to a 292-month term of incarceration, and we affirmed the denial of his motion for a new trial. *United States v. Lora*, No. 99-4559 (4th Cir. Mar. 15, 2000) (unpublished), *vacated*, 121 S. Ct. 1071 (2001). We grant Lora's motion to file a pro se supplemental brief, and, after reviewing his sentence for plain error in light of *Apprendi*, we affirm. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

In applying *Apprendi* to drug offenses in § 846 and 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), we recently held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Promise*, 255 F.3d at 156-57 (footnotes omitted). Here, drug quantity was charged in the indictment but not submitted to the jury. We therefore find that there was error and that the error was plain. *Id.* at 156-57, 160.

Although we find plain error, a defendant's substantial rights are not affected by the "failure to submit drug quantity to the jury . . . if the trial produced 'uncontested and overwhelming evidence' of drug quantity sufficient to sustain the sentence." *United States v. Montgomery*, 262 F.3d 233, 252 (4th Cir. 2001) (quoting *United States v. Stewart*, 256 F.3d 231, 253 (4th Cir. 2001)), *petition for cert. filed*, Oct. 11, 2001 (No. 01-6767). Our review of the trial testimony discloses that Lora received more than 600 kilograms of cocaine—120 times the threshold amount necessary to sustain a sentence under 21

U.S.C.A. § 841(b)(1)(A) (providing for ten-year-to-life sentence for at least five kilograms of cocaine). Lora contends that the evidence was not overwhelming because the Government's witnesses' testimony was fabricated, but the trial testimony refutes his contention.

In addition, although Lora objected to drug quantity at sentencing on the ground that the Government's witnesses did not provide specific amounts or dates for the drug transactions, Lora did not dispute that "there [were] a lot of drugs floating around." (Supplemental App. at 5). We therefore find that Lora did not genuinely contest that the amount of cocaine exceeded the five-kilogram threshold amount in § 841(b)(1)(A) and, therefore, that the evidence was uncontested. *See Montgomery*, 262 F.3d at 252 & n.10; *Stewart*, 256 F.3d at 253 & n.17. Because the evidence at trial was overwhelming and uncontested, we hold, following *Montgomery* and *Stewart*, that the court's failure to submit drug quantity to the jury did not affect Lora's substantial rights and that Lora is not entitled to resentencing after *Apprendi*.

Lora also raises several other claims in his pro se supplemental brief, none of which has merit. Contrary to Lora's contention that the indictment was constructively amended by the Government and the district court, Lora's claims are belied by the record. With regard to his claims that the district court erred in submitting a general verdict form to the jury* and violated his Fifth Amendment rights by submitting the superseding indictment to the jury with the overt acts redacted, we find that his claims are foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).

Accordingly, we affirm Lora's conviction and 292-month sentence. We deny Lora's motion for clarification, motion requesting briefs from other cases, and motion to file a courtesy copy of a motion he filed in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*\*See United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), *and cert. denied*, 530 U.S. 1222 (2000).