

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Gonzalez-Lora v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gonzalez-Lora v. Atty Gen USA" (2008). *2008 Decisions*. Paper 733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1523
_____

WILFREDO GONZALEZ-LORA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A38 507 690)
Immigration Judge:  Honorable Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2008

Before: McKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: August 4, 2008)
_____

OPINION
_____

PER CURIAM

    Wilfredo Lora-Gonzalez, a native and citizen of the Dominican Republic, was

admitted to the United States in 1984. In 1999, he was convicted on drug conspiracy charges. See 21 U.S.C. §§ 846 and 841. The former Immigration and Naturalization Service then charged Gonzalez-Lora with removability for having been convicted of an aggravated felony as defined by Immigration and Nationality Act ("INA") §§ 101(a)(43)(B) and 101(a)(43)(U) [8 U.S.C. §§ 1101(a)(43)(B) and 1101(a)(43)(U)], see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. An Immigration Judge ("IJ") in Philadelphia found Gonzalez-Lora removable as charged and, in December 2000, the Board of Immigration Appeals ("BIA") dismissed his appeal.[1]

In July 2004, Gonzalez-Lora challenged the removal order in a 28 U.S.C. § 2241 petition filed in the Northern District of West Virginia, the jurisdiction in which he was then incarcerated. While the § 2241 petition was pending, the REAL ID Act of 2005 took effect, prompting the District Court to transfer the habeas petition to this Court to be treated as a petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005) (noting that "all habeas corpus petitions brought by aliens that were pending in the district courts on the date the Real ID Act became effective (May 11, 2005) are to be

_____

[1] In May 2002, Gonzalez-Lora filed a motion to reopen, which the BIA denied as untimely. He sought reopening again in June 2004, but the BIA denied the motion as numerically barred, and concluded that none of the exceptions to that bar were applicable. See 8 C.F.R. § 1003.2(c)(3). Gonzalez-Lora has not challenged either of these decisions.

2

converted to petitions for review and transferred to the appropriate courts of appeals).

Although INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] eliminates our jurisdiction to entertain petitions for review from aliens like Lora-Gonzalez, INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)] restores that jurisdiction to the extent that the petition raises "constitutional claims or questions of law." See, e.g., Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006). And, because the REAL ID Act provided that the mandatory 30-day time period for filing a petition for review, see INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)], does not apply to transferred cases, our jurisdiction extends to the December 2000 order of the BIA.[2] See Kamara v. Attorney General, 420 F.3d 202, 210 (3d Cir. 2005).

Lora-Gonzalez challenges the removal order on the basis that the Immigration and Naturalization Service and the United States Attorney's Office colluded to prevent his release on bail in the underlying criminal proceedings. Because he was denied bail, Lora-Gonzalez claims that he was "unable to effectively defend against the government's allegations and acquire exculpatory evidence." Importantly, however, an alien may not collaterally attack in removal proceedings the criminal conviction which serves as the

---

[2] We do not have jurisdiction, however, to review Gonzalez-Lora's contention that the IJ improperly ordered his removal based on a drug conspiracy conviction that was still being appealed. Gonzalez-Lora did not raise this claim with the BIA. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; see Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (holding that statutory exhaustion requirement is jurisdictional and bars judicial review of unexhausted claims).

3

basis for the removal order.  See Al-Najar v. Mukasey, 515 F.3d 708, 714-15 (6th Cir. 2008) (collecting cases).

Finally, Gonzalez-Lora claims that he is a United States citizen.  The record indicates that Gonzalez-Lora's naturalization application was denied in 1992 because he failed to respond to requests for proof that he had registered with the Selective Service. We have jurisdiction to review a nationality claim, see INA §§ 242(a)(2)(D), (b)(5)(A), unless we determine that there is a genuine issue of material fact, in which case the proceeding is transferred to the District Court, see INA § 242(b)(5)(B).  No factual dispute is presented by Gonzalez-Lora's claim that he is a national.  Although we have jurisdiction, the citizenship claim is without merit.  This Court has held that "for one such as [Gonzalez-Lora] who is a citizen of another country, nothing less than citizenship will show 'permanent allegiance to the United States.'"  Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003) (per curiam).  Here, submission of an incomplete naturalization application does not demonstrate "permanent allegiance to the United States," and does not render Gonzalez-Lora a national.

For these reasons, we will deny the petition for review.

4