**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2856
_____

WILFREDO GONZALEZ-LORA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-507-690)
Immigration Judge:  Honorable Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2012
Before:  JORDAN, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed: May 29, 2012)
_____

OPINION
_____

PER CURIAM

       The petitioner, Wilfredo Gonzalez-Lora, asks us to review a Board of Immigration

Appeals (BIA) order denying his "Motion to Dismiss the Final Order of Deportation as

Void Entered Without Jurisdiction" as time- and number-barred.  For the foregoing

reasons, we will deny his petition for review.

Gonzalez-Lora is a native and citizen of the Dominican Republic, who was charged in 1999 with being removable after an aggravated felony and controlled substance conviction. The BIA entered its final order of removal in 2000; Gonzalez-Lora twice attempted to reopen proceedings (unsuccessfully), and then in 2004 filed a 28 U.S.C. § 2241 habeas corpus petition in the Northern District of West Virginia, where he was then incarcerated. Following the 2005 enactment of the REAL ID Act, the habeas petition was converted into a petition for review and transferred to this Court. We denied it, observing that Gonzalez-Lora could not collaterally attack his conviction in removal proceedings and concluding that his claim of United States citizenship was "without merit." Gonzalez-Lora v. Att'y Gen., 314 F. App'x 447, 449 (3d Cir. 2008) (per curiam).

Gonzalez-Lora's current motion began as a series of filings in 2009. He eventually succeeded in docketing it before the BIA in 2011. The BIA denied the motion on May 26, 2011, reasoning that, whether considered as a motion to reopen or a motion for reconsideration, it was time- and number-barred and no exception applied; furthermore, the BIA declined to reopen sua sponte, a remedy limited to "exceptional situation[s]." This petition for review followed

We are satisfied that, despite the facial untimeliness of the petition for review, we have jurisdiction under 8 U.S.C. § 1252(a)(1). See Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003). We review the BIA's decision denying a motion to reopen for abuse of discretion and review its underlying factual findings for substantial evidence. Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007). The BIA's decision will be upheld unless

2

it is arbitrary, irrational, or contrary to law. Id. Our jurisdiction does not extend to the BIA's denial of sua sponte relief, unless its outcome was based on an "incorrect legal premise." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011)

By statute and by regulation, an alien may generally file only one motion to reopen proceedings, and that motion must be filed within 90 days of the relevant order. 8 U.S.C. § 1229(c)(7)(A), (7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The rules allow for some exceptions to the time and number restrictions, such as when a motion is based on changed country conditions. 8 U.S.C. § 1229(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We agree with the Government that Gonzalez-Lora has not shown that he falls into any such exception, and that his motion—his third—was filed well after the 90-day period expired. Thus, as the motion was properly construed as a motion for reconsideration or a motion to reopen, the BIA did not abuse its discretion by denying it. Nor did the BIA rely on an incorrect legal premise in declining to reopen sua sponte.

To the extent that Gonzalez-Lora argues that the agency was without jurisdiction to enter his final order of removal in the first place, he raised the same argument in his earlier petition for review. At that time, we found that he had failed to exhaust the matter before the agency and, thus, that we lacked jurisdiction to consider the claim. Gonzalez Lora v. Att'y Gen., 314 F. App'x at 449 n.2.[1] Similarly, if Gonzalez-Lora is attempting

---

[1] In any case, his argument is fundamentally flawed. Gonzalez-Lora maintains that his conviction was not "final" at the time the BIA ordered him removed in June of 2000. The record reflects that he was convicted on July 23, 1999, and sentenced in August, whereas the decisions of the immigration judge and BIA date from 2000; the final direct

3

to again litigate the citizenship issue, or to attack his underlying conviction, we already ruled on those matters in his previous petition for review, and we will not revisit them today.

Therefore, as we see no error in the BIA's decision, we will deny the petition for review. Gonzalez-Lora's motion for summary/default judgment is denied.

---

appellate disposition in his case, meanwhile, was upon the Supreme Court's 2002 denial of certiorari. See Gonzalez-Lora v. United States, 535 U.S. 1087 (2002). But ever since the Illegal Immigration Reform and Immigrant Responsibility Act was enacted in 1996, the definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) has "require[d] only that the trial court enter a formal judgment of guilt, without any requirement that all direct appeals be exhausted or waived." Planes v. Holder, 652 F.3d 991, 996 (9th Cir. 2011) (collecting cases). Accordingly, it is of no moment that Gonzalez-Lora was still pursuing his direct appeals during the removal process.