**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4741
_____

WILFREDO GONZALEZ-LORA,
                                                  Appellant
v.

UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00069)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: October 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Wilfredo Gonzalez-Lora appeals the District Court's orders (1)

dismissing his "petition for review [of] a naturalization proceeding and request for a nunc

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pro tunc naturalization," and (2) denying his motion under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons detailed below, we will affirm the District Court's judgment.

Gonzalez-Lora entered the United States from the Dominican Republic in 1984 as a lawful permanent resident. In 1992, he filed an N-400 application to become a United States citizen. During his interview, the examiner noted that Gonzalez-Lora had indicated on his application that he had not registered with the Selective Service. The former Immigration and Naturalization Services (INS) continued Gonzalez-Lora's naturalization case to permit him to provide evidence of registration. The INS did not receive this evidence, despite twice writing to Gonzalez-Lora to remind him to submit it, and the agency ultimately dismissed the application for lack of prosecution.

In 1998, Gonzalez-Lora was convicted in the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841, 846, and sentenced to 292 months' imprisonment. See United States v. Lora, 26 F. App'x 149, 150 (4th Cir. 2001) (non-precedential). In 1999, the INS charged Gonzalez-Lora with being removable because he had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii). An Immigration Judge found Gonzalez-Lora removable as charged, the Board of Immigration Appeals dismissed his appeal, and we denied his petition for review. See Gonzalez-Lora v. Att'y Gen., 314 F. App'x 447 (3d Cir. 2008). In support of his petition for review, Gonzalez-Lora alleged that he was a United States

citizen; we rejected his argument, concluding that "submission of an incomplete naturalization application . . . and does not render Gonzalez-Lora a national." Id. at 450.

Gonzalez-Lora has challenged the final order of removal and the denial of his naturalization application on several fronts. At issue here is a petition for review that Gonzalez-Lora filed in the District Court pursuant to 8 U.S.C. §§ 1421(c) and 1447(b). He argued that the INS erred in denying his naturalization application because, contrary to the INS's conclusion, he did provide evidence that he had registered with the Selective Service. He also contended that the INS improperly failed to serve him with a copy of its order denying his application. Based on these alleged failings, he asked the District Court to order the INS to grant his naturalization application nunc pro tunc. The District Court (approving and adopting a Magistrate Judge's report and recommendation) dismissed Gonzalez-Lora's pleading, concluding that it was barred by principles of preclusion and without merit. Gonzalez-Lora asked the District Court to reconsider the order, the District Court denied his request, and Gonzalez-Lora then filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. See Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 257 (3d Cir. 2012). We exercise a plenary standard of review over the District Court's dismissal order. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the District Court's denial of a Rule 59(e) motion for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

3

Gonzalez-Lora acknowledges that he is not presently entitled to be naturalized; to be eligible, the individual must show that he has maintained good moral character until being admitted to citizenship, see 8 U.S.C. § 1427(a)(3); United States v. Dang, 488 F.3d 1135, 1139 (9th Cir. 2007), and Gonzalez-Lora's aggravated-felony conviction prevents him from making that showing, see 8 U.S.C. § 1101(f)(8); Al-Sharif v. U.S. Citizenship & Immigration Servs., 734 F.3d 207, 214 (3d Cir. 2013) (en banc). Gonzalez-Lora argues, therefore, that his naturalization application should be reviewed nunc pro tunc so that it may be granted without consideration of his conviction.

As the District Court held, Gonzalez-Lora's argument in foreclosed by our decision in Duran-Pichardo v. Attorney General, 695 F.3d 282, 288 (3d Cir. 2012). There, like here, a non-citizen had commenced naturalization proceedings, but then committed an aggravated felony before being granted naturalization. The petitioner in Duran-Pichardo argued that he was entitled to nunc pro tunc review of his naturalization application as if he were not an aggravated felon. We denied the request. We noted that 8 U.S.C. § 1429 prohibits the naturalization of any person against whom a final order of removal has been entered, id. at 277, and observed that we may not grant equitable relief in contravention of the expressed intent of Congress, id. at 288. Consequently, we held that "[e]quitable relief is unavailable if it would require agency review of an alien's naturalization application while that alien is the subject of an outstanding finding of deportability or a pending removal proceeding." Id. at 288. As noted above, Gonzalez-Lora is subject to a final order of removal. Accordingly, for the reasons that we

4

expressed in <u>Duran-Pichardo</u>, Gonzalez-Lora is not entitled to nunc pro tunc review of his naturalization application.[1]

In an attempt to overcome this obstacle, Gonzalez-Lora argues that his removal order is invalid because it is contrary to our decision in <u>Orabi v. Attorney General</u>, 738 F.3d 535, 543 (3d Cir. 2014), in which we reaffirmed that a conviction is not "final" for immigration purposes until direct appellate review has been exhausted or waived. However, Gonzalez-Lora cannot collaterally attack his removal order in these proceedings. <u>See</u> <u>Kumarasamy v. Att'y Gen.</u>, 453 F.3d 169, 172 (3d Cir. 2006) ("[A] petition for review is 'the sole and exclusive means for judicial review of an order of removal.'" (emphasis omitted) (quoting 8 U.S.C. § 1252(a)(5)); <u>see also</u> <u>Ajlani v. Chertoff</u>, 545 F.3d 229, 235 (2d Cir. 2008).

Finally, because Gonzalez-Lora's Rule 59(e) motion merely "advanced the same arguments that were in his" prior filings, the District Court did not err in denying that motion. <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will affirm the District Court's judgment. Gonzalez-Lora's motion for discovery is denied.

---

[1] Because a final order of removal has been entered in Gonzalez-Lora's case and he seeks nunc pro tunc relief, contrary to Gonzalez-Lora's argument, the rationale of <u>Gonzalez v. Secretary of Department of Homeland Security</u>, 678 F.3d 254 (3d Cir. 2012), does not apply here.