**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4226
_____

WILFREDO GONZALEZ-LORA,
a/ka Wilfredo Gonzalez Lora, a/k/a Wilfredo G. Lora

v.

WARDEN FORT DIX FCI


Wilfredo Gonzalez-Lora,
                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-01961)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2015

Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: November 12, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Wilfredo Gonzalez-Lora appeals the District Court's orders (1) dismissing his petition under 28 U.S.C. § 2241 and (2) denying his motion under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons detailed below, we will affirm.

Gonzalez-Lora entered the United States from the Dominican Republic in 1984 as a lawful permanent resident. In 1992, he began naturalization proceedings. While the parties dispute certain details, it is undisputed that the former Immigration and Naturalization Services ultimately dismissed Gonzalez-Lora's naturalization application.

In 1998, Gonzalez-Lora was convicted in the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841, 846, and sentenced to 292 months' imprisonment. See United States v. Lora, 26 F. App'x 149, 150 (4th Cir. 2001) (non-precedential). In 1999, the INS charged Gonzalez-Lora with being removable because he had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii). An Immigration Judge (IJ) found Gonzalez-Lora removable as charged, the Board of Immigration Appeals (BIA) dismissed his appeal, and we denied his petition for review. See Gonzalez-Lora v. Att'y Gen., 314 F. App'x 447 (3d Cir. 2008) (non-precedential). In support of his petition for review, Gonzalez-Lora argued, among other things, that the "IJ improperly ordered his removal based on a

2

drug conspiracy conviction that was still being appealed." Id. at 449 n.2. The Court concluded that it lacked jurisdiction to review that argument because Gonzalez-Lora had not exhausted it before the BIA. See id.

Gonzalez-Lora has since challenged the final order of removal and the dismissal of his naturalization application on several fronts. At issue in this case is his § 2241 petition. In that petition, he argued that the removal order is void, has prohibited him from exercising certain rights available to United States citizens, and should be set aside. As relevant here, the District Court dismissed the petition for lack of jurisdiction.[1] Gonzalez-Lora filed a Rule 59(e) motion, which the District Court denied, and Gonzalez-Lora filed a timely notice of appeal to this Court. Gonzalez-Lora has also asked us to stay his removal.

We have jurisdiction under 28 U.S.C. § 1291. In considering Gonzalez-Lora's appeal of the dismissal of his § 2241 petition, we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006); see also Fed. R. App. P. 4(a)(4). We review the District Court's denial of a Rule 59(e) motion for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

---

[1] While the District Court addressed other arguments, Gonzalez-Lora has not discussed these arguments in his brief on appeal, and has therefore waived review of those aspects of the District Court's judgment. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

The primary thrust of Gonzalez-Lora's action is that the final order of removal in his case is invalid and that the federal courts should vacate it. More specifically, he argues that the removal order is "void" because it was premised on a conviction that, he contends, was not final at the time that the IJ entered the order. However, "a petition for review is 'the sole and exclusive means for judicial review of an order of removal.'" Kumarasamy, 453 F.3d at 172 (emphasis omitted) (quoting 8 U.S.C. § 1252(a)(5); see also § 1252(b)(9). Because Gonzalez-Lora's claims "directly challenge the lawfulness of the removal order and are intertwined with the IJ's decision," the District Court did not err in concluding that it lacked jurisdiction to review these claims in Gonzalez-Lora's § 2241 petition. Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 207 (3d Cir. 2013).

Gonzalez-Lora argues that Chehazeh v. Attorney General, 666 F.3d 118 (3d Cir. 2012), supports his attempt to proceed under § 2241. We disagree. In Chehazeh, we held that a petitioner could challenge a decision by the BIA to sua sponte reopen proceedings, notwithstanding § 1252(b)'s limitations, in cases where there was no existing order of removal. See id. at 132. We emphasized, however, that "[o]ne may not . . . follow a petition for review with a habeas petition." Id. at 131. Gonzalez-Lora is subject to a final order of removal and has filed unsuccessful petitions for review. Chehazeh is thus of no help to him.

Gonzalez-Lora also contends that he should be able to overcome this general bar because the petition-for-review process was "inadequate and ineffective" due to the IJ's

4

alleged error in treating his conviction as final.  This argument is seemingly premised on the Suspension Clause.  See generally Swain v. Pressley, 430 U.S. 372, 381-82 (1977) (explaining that the Suspension Clause is violated only where the remedy of habeas corpus is rendered inadequate or ineffective).  However, while we have acknowledged that the Suspension Clause "requires at least some judicial review of deportation cases," we have also held that "the REAL ID Act's limitations on the petition right are constitutional."  Verde-Rodriguez, 734 F.3d at 204.  Indeed, Gonzalez-Lora did file a petition for review in which he challenged the finality of his criminal conviction; the fact that the argument failed due to lack of exhaustion does not demonstrate that his remedies were inadequate or ineffective.  See id.; cf. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

In his Rule 59(e) motion, Gonzalez-Lora essentially reiterated his arguments that he should be permitted to attack his removal order via § 2241.  The District Court therefore did not err in denying that motion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will affirm the District Court's judgment.  Gonzalez-Lora's motion for a stay of removal is denied.  See generally In re Revel AC, Inc., -- F.3d ---, 2015 WL 5711358, at *11 (3d Cir. Sept. 30, 2015) (explaining that, to obtain a stay, a party must make a strong showing that he will succeed on the merits); Qassim v. Bush,

5

466 F.3d 1073, 1078 (D.C. Cir. 2006) (per curiam) ("Rule 23(a) does not apply because

the [petitioner's] <u>release</u> is not a 'transfer' of custody'").[2]

---

[2] Indeed, the relief that Gonzalez-Lora seeks in his stay motion — an order staying his removal — underscores that he is indeed attacking his final order of removal. <u>See</u> <u>Martinez v. Napolitano</u>, 704 F.3d 620, 622-23 (9th Cir. 2012).