NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1281
_____

WILFREDO LORA-GONZALEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-507-690)
Immigration Judge:  Honorable Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: December 2, 2015 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se petitioner Wilfredo Gonzalez-Lora[1] petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen or reconsider. For the reasons detailed below, we will deny the petition for review in part and dismiss it in part.

According to his pleadings, Gonzalez-Lora entered the United States from the Dominican Republic in 1984 as a lawful permanent resident. In 1998, he was convicted in the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841, 846, and sentenced to 292 months' imprisonment. See United States v. Lora, 26 F. App'x 149, 150 (4th Cir. 2001) (non-precedential).

In 1999, the INS charged Gonzalez-Lora with being removable because he had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii). An Immigration Judge found Gonzalez-Lora removable as charged, the BIA dismissed his appeal, and we denied his petition for review. See Gonzalez-Lora v. Att'y Gen., 314 F. App'x 447, 449-50 (3d Cir. 2008) (non-precedential). In support of his petition for review, Gonzalez-Lora argued, among other things, that the "IJ improperly ordered his removal based on a drug conspiracy conviction that was still being appealed." Id. at 449 n.2. We concluded that we lacked jurisdiction to review that argument because Gonzalez-Lora had not exhausted it before the BIA. See

---

[1] In the administrative record, the petitioner is identified as "Wilfredo Lora-Gonzalez," while the petitioner identifies himself as "Wilfredo Gonzalez-Lora." We will use the

id.

Gonzalez-Lora has since filed four motions to reopen or reconsider with the BIA, each of which the BIA has denied. In the most recent motion, which is the subject of this petition for review, Gonzalez-Lora argued that this Court's decision in Orabi v. Attorney General, 738 F.3d 535, 543 (3d Cir. 2014), establishes that the agency erred in ordering him removed based on a conviction that, at the time that the IJ and BIA issued their decisions, he was challenging in the Supreme Court through a petition for certiorari. The BIA denied the motion. The BIA first concluded that the motion was untimely and number-barred. Moreover, the BIA concluded that there was not "any exceptional situation present in this case to warrant the exercise of the Board's limited sua sponte authority." The BIA also noted that Gonzalez-Lora had failed to present evidence in support of his allegations, as required by 8 C.F.R. § 1003.2(c)(1). Gonzalez-Lora filed a timely petition for review to this Court.

We have jurisdiction to review the BIA's denial of Gonzalez-Lora's motion under 8 U.S.C. § 1252(a)(1). We review a denial of a motion to reopen or a motion to reconsider for abuse of discretion, and will not disturb the BIA's decision "unless it is arbitrary, irrational, or contrary to law." Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011) (quotation marks omitted).

As the BIA concluded, Gonzalez-Lora's motion was plainly untimely. A motion for reconsideration must be filed within 30 days of a final order of removal, see 8 U.S.C.

_____

latter surname throughout this opinion.

3

§ 1229a(c)(6)(B), while a motion to reopen, with certain exceptions not relevant here, must be filed within 90 days of the removal order, see 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Gonzalez-Lora filed the motion at issue here in November 2014 — nearly 14 years after the BIA entered the final order in his case. Therefore, the BIA did not err in concluding that the motion was time-barred.

Gonzalez-Lora argues that the BIA should have reopened the removal order sua sponte. However, we generally lack jurisdiction to review the BIA's decision declining to exercise its discretion to reopen or reconsider the case. See Calle–Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). We have recognized two exceptions: we may consider whether the BIA's decision "is based on a false legal premise," Pllumi, 642 F.3d at 160, or whether the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening sua sponte" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006).

Neither exception applies here. The BIA did not rely on a false legal premise; it accurately summarized the standards for motions to reopen and reconsider, and correctly observed that, contrary to the regulations, Lora-Gonzalez had failed to present evidence in support of his allegations. See 8 C.F.R. § 1003.2(c)(1); Guan Shan Liao v. U.S. Dep't of Justice, 293 F.3d 61, 73 (2d Cir. 2002).

Nor has Gonzalez-Lora established that the BIA maintains a "general policy" of reopening sua sponte when aliens seek to advance a previously unexhausted claim that a conviction was not final for immigration purposes. While the BIA has recognized that it

4

will sometimes elect to reopen sua sponte when there has been a "fundamental change in the law," In re G-D-, 22 I. & N. Dec. 1132, 1135 (BIA 1999) (en banc), we are satisfied that this general standard has not constrained the BIA's ability to refuse to exercise its sua sponte authority in the circumstances present here. See generally Orabi, 738 F.3d at 543 (holding that "the principle announced and held in Ozkok[, 19 I. & N. Dec. 546 (BIA 1988)] — that a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived — is [] alive and well in this Circuit" (quotation marks, footnote omitted)). Therefore, we lack jurisdiction to review the BIA's refusal to reopen the matter sua sponte.

Accordingly, we will dismiss Gonzalez-Lora's petition for review in part and deny it in part.[2] The temporary stay dated November 27, 2015, is vacated, and Gonzalez-Lora's motion for a stay of removal is denied. See generally In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (explaining that, to obtain a stay, a party must make a strong showing that he will succeed on the merits).

---

[2] The Government's February 4, 2015 motion for summary action, filed before the case was fully briefed, is denied. Gonzalez-Lora's motion to compel service of the Government's motion for summary action is also denied.