CLD-077                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2650
_____

WILFREDO GONZALEZ-LORA,
                                                    Appellant

v.

WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00161)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 10, 2015

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 17, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Wilfredo Gonzalez-Lora appeals the order of the United States

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court for the Western District of Pennsylvania dismissing his petition under 28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error.  Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006).  For the reasons set forth below, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[1]

Gonzalez-Lora entered the United States from the Dominican Republic in 1984 as a lawful permanent resident.  In 1998, he was convicted in the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841, 846, and sentenced to 292 months' imprisonment.  See United States v. Lora, 26 F. App'x 149, 150 (4th Cir. 2001) (non-precedential).  In 1999, the INS charged Gonzalez-Lora with being removable because he had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii).  An Immigration Judge found Gonzalez-Lora removable as charged, the Board of Immigration Appeals dismissed his appeal, and we denied his petition for review.  See Gonzalez-Lora v. Att'y Gen., 314 F. App'x 447 (3d Cir. 2008) (non-precedential).

---

[1] Gonzalez-Lora also filed a motion under Fed. R. Civ. P. 59(e) in the District Court, which the District Court denied.  Because Gonzalez-Lora did not file a new or amended notice of appeal encompassing the order denying his Rule 59(e) motion, we lack jurisdiction to consider that order.  See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

Since then, Gonzalez-Lora has repeatedly challenged his final order of removal. As pertinent here, Gonzalez-Lora filed two petitions under § 2241 — one in the District of New Jersey (while he was incarcerated within that district) and a second in the Western District of Pennsylvania (after he was transferred to a prison within that district), the latter of which is the subject of this appeal. In each petition, Gonzalez-Lora argued that his removal order is void because it was based on a criminal conviction that was not yet final and that it should therefore be vacated. Both District Courts concluded that they lacked jurisdiction over the § 2241 petition.

We recently affirmed the District Court for the District of New Jersey's judgment against Gonzalez-Lora. In relevant part, we explained as follows:

> The primary thrust of Gonzalez-Lora's action is that the final order of removal in his case is invalid and that the federal courts should vacate it. More specifically, he argues that the removal order is "void" because it was premised on a conviction that, he contends, was not final at the time that the IJ entered the order. However, "a petition for review is 'the sole and exclusive means for judicial review of an order of removal.'" Kumarasamy, 453 F.3d at 172 (emphasis omitted) (quoting 8 U.S.C. § 1252(a)(5); see also § 1252(b)(9). Because Gonzalez-Lora's claims "directly challenge the lawfulness of the removal order and are intertwined with the IJ's decision," the District Court did not err in concluding that it lacked jurisdiction to review these claims in Gonzalez-Lora's § 2241 petition. Verde–Rodriguez v. Att'y Gen., 734 F.3d 198, 207 (3d Cir. 2013).

Gonzalez-Lora v. Warden Fort Dix FCI, No. 14-4226, 2015 WL 6996759, at *1 (3d Cir. Nov. 12, 2015) (non-precedential).

The claims that Gonzalez-Lora raises in this action are in all material respects identical to the ones that we addressed in C.A. No. 14-4226. Therefore, for the reasons

that we provided in that case, the District Court here did not err in concluding that "[a]s a jurisdictional matter this Court cannot give Gonzalez-Lora the relief he seeks in a habeas petition." R&R at 4; see generally Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 212-13 (3d Cir. 1997).

Accordingly, we will summarily affirm the District Court's judgment. Gonzalez-Lora's motion for a stay of removal is denied. See generally In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (explaining that, to obtain a stay, a party must make a strong showing that he will succeed on the merits). The Government's motion for an extension of time to respond to Gonzalez-Lora's motion for a stay and its motion to amend its response are granted, and its corrected response is deemed filed as of December 3, 2015. The Government's motion to expedite disposition of Gonzalez-Lora's stay request is denied.